55 P.3d 615 (2002)
In re the Personal Restraint Petition Of David C. HEMENWAY, Petitioner.
No. 71772-9.
Supreme Court of Washington, En Banc.
Argued May 21, 2002.
Decided October 10, 2002.
*616 Suzanne Elliott, Seattle, for Petitioner.
Arthur Curtis, Clark County Prosecutor, Richard Melnick, Deputy, Vancouver, for Respondent.
MADSEN, J.
David Hemenway filed a personal restraint petition claiming that his plea of guilty was involuntary because he was not informed that mandatory community placement was a direct consequence of his plea. The Court of Appeals concluded that the petition was untimely under RCW 10.73.090 and dismissed pursuant to RAP 16.11(b). We affirm.

FACTS
On May 13, 1996, Mr. Hemenway pleaded guilty to first-degree child molestation. The offense, a class A felony, carries a maximum sentence of life imprisonment and a $50,000 fine. Hemenway also faced a minimum of two years of community placement as a consequence of his conviction. The plea form, prepared by Hemenway's counsel, did not mention community placement but stated that:
(e) the judge may place me on community supervision....
(f) The prosecuting attorney will make the following recommendation to the judge: remain free to recommend any sentence, Defence [sic] may argue utilizing SOSSA alternative, If SOSSA is used the prosecuting attorney will recommend, 82 month prison sentence suspended upon successful entry and completion of sex offender treatment program, 180 days Clark County Jail, 3 year probation, SOSSA evaluation fee, restitution to victim, $100 victims assessment, $110 court costs, $550 attorney's fee.
Statement of Def. on Plea of Guilty 6(e), (f) at 3.
A pre-sentence report was prepared recommending a standard range sentence of 82 months and 24 months of community placement or the amount of earned good time, whichever is longer. The trial court declined *617 to follow Hemenway's request for a special sex offender sentencing alternative (SOSSA) and instead imposed an exceptional sentence of 96 months of confinement and community placement for a minimum period of 24 months. The judgment and sentence provided that Hemenway serve a term of community placement "for the period of time provided by law" and in accordance with former RCW 9.94A.150 (1999). J. & Sentence (PrisonCommunity Placement) at 4.7.
In September 2001, Mr. Hemenway filed this personal restraint petition. He contends that his plea of guilty was involuntary because he was not informed that his sentence included mandatory community placement, citing State v. Ross, 129 Wash.2d 279, 916 P.2d 405 (1996). Although his petition was filed more than one year after the judgment and sentence for his conviction became final, he argued to the Court of Appeals that Ross constitutes a significant change in law under RCW 10.73.100(6), an exception to the one-year limitation for collateral review. The Court of Appeals disagreed and dismissed the petition as untimely. Mr. Hemenway moved for discretionary review, claiming that his petition is not subject to the one-year limitation for collateral review under RCW 10.73.090(1) because his plea is invalid on its face. This court granted review.

ANALYSIS
Mr. Hemenway no longer claims that his personal restraint petition is excepted from the one-year time limit imposed by RCW 10.73.090(1) but instead urges that the one-year limitation does not apply because his plea is invalid on its face. This is so, he argues, because he was not informed, by the plea form or the court, that a minimum of 24 months of mandatory community placement was a consequence of his conviction for first-degree child molestation.
There are two distinct issues raised by this petition. The first is whether the petition is statutorily time-barred. The second is whether Hemenway's plea was voluntary, knowing, and intelligent. Because we hold that Mr. Hemenway's petition is barred we do not reach the second issue.
RCW 10.73.090(1) provides:
No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.[[1]]
Under this statute, the "facial invalidity" inquiry is directed to the judgment and sentence itself. "Invalid on its face" means the judgment and sentence evidences the invalidity without further elaboration. In re Pers. Restraint of Goodwin, Noted at 146 Wash.2d 861, 50 P.3d 618, slip op. at 5 (2002); In re Pers. Restraint of Stoudmire, 141 Wash.2d 342, 353, 5 P.3d 1240 (2000); In re Pers. Restraint of Thompson, 141 Wash.2d 712, 718, 10 P.3d 380 (2000). The court in Stoudmire and Thompson held that documents signed as part of a plea agreement may be considered in determining facial invalidity when those documents are relevant in assessing the validity of the judgment and sentence. Thus, in Stoudmire, the court held the one-year bar did not apply where the plea documents showed that some charges were filed after the statute of limitations had run, and thus showed that the judgment and sentence was invalid. Stoudmire, 141 Wash.2d at 354, 5 P.3d 1240. Similarly, in Thompson, the plea documents showed that the petitioner had been charged with an offense that did not become a crime until nearly two years after the offense was committed, and thus those documents showed the judgment and sentence was invalid on its face. Thompson, 141 Wash.2d at 719, 10 P.3d 380. In this case, the judgment and sentence correctly reflects that Hemenway was sentenced to the mandatory community placement "for the period of time provided by law." J. & Sentence at 4.7. The judgment and sentence is therefore valid on its face.
Hemenway says, though, that because the plea form failed to inform him that two years of mandatory community placement *618 would be imposed as a direct consequence of his plea of guilty, his plea is invalid on its face and his petition is not barred by RCW 10.73.090(1). The question is not, however, whether the plea documents are facially invalid, but rather whether the judgment and sentence is invalid on its face.[2] The plea documents are relevant only where they may disclose invalidity in the judgment and sentence. Here, they do not.
The Court of Appeals is affirmed.
ALEXANDER, C.J., SMITH, JOHNSON, IRELAND, BRIDGE and OWENS, JJ., concur.
SANDERS, J. (dissenting).
I concur in Justice Chambers' dissent except I would grant Mr. Hemenway specific performance of the plea agreement.
CHAMBERS, J. (dissenting).
I respectfully dissent. Hemenway pleads that he was not informed of a direct consequence of his guilty plea, two years mandatory community placement. The sixth amendment requires that a guilty plea be knowing, voluntary, and intelligent. State v. Branch, 129 Wash.2d 635, 642, 919 P.2d 1228 (1996) (citing Wood v. Morris, 87 Wash.2d 501, 505, 554 P.2d 1032 (1976)). A plea entered without knowledge of all direct consequences is not knowing and intelligent. Accord State v. Ross, 129 Wash.2d 279, 284, 916 P.2d 405 (1996); see also State v. Barton, 93 Wash.2d 301, 306, 609 P.2d 1353 (1980) (citing Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364 (4th Cir.1973)). The mandatory community placement does not appear on the face of the plea and the State has not established by other evidence that Hemenway understood it was a direct and automatic consequence of his plea. Therefore, I would reverse the Court of Appeals' dismissal of his personal restraint petition and allow Hemenway to withdraw his guilty plea.

TIMING OF REVIEW
Because Hemenway raises this argument in a personal restraint petition filed more than one year from final entry of judgment, he must establish that the time bar does not apply to him. RCW 10.73.090, .100. A challenge to a judgment and sentence that is not valid on its face may be brought at any time. RCW 10.73.090. Counsel conceded at oral argument (but not in the briefs) that Hemenway was not challenging his guilty plea, but instead basing his argument solely on facial invalidity of the judgment and sentence. Based on that concession, the majority does not reach whether the petition fits within an exception to the time bar.[1] Majority at 617. This "concession" must be seen within the context of this court's RCW 10.73.090 jurisprudence. We have previously decided "that the phrase `on its face' includes those documents signed as part of a plea agreement." In re Pers. Restraint Petition of Stoudmire, 145 Wash.2d 258, 265, 36 P.3d 1005 (2001) (Stoudmire II) (quoting In re Pers. Restraint Petition of Stoudmire, 141 Wash.2d 342, 353, 5 P.3d 1240 (2000) (Stoudmire I) (citing State v. Phillips, 94 Wash.App. 313, 317, 972 P.2d 932 (1999))). Therefore, a claim of invalidity based on the invalidity of the guilty plea is a claim of facial invalidity and reviewable under RCW 10.73.090.

*619 INVOLUNTARY PLEAS
A valid guilty plea must be knowing, voluntary, and intelligent. Branch, 129 Wash.2d at 642, 919 P.2d 1228. The defendant must be informed of all direct consequences of the plea, and this includes mandatory community placement. Ross, 129 Wash.2d at 280, 916 P.2d 405. The mere fact the guilty plea omits the mandatory community placement does not end the issue. Branch, 129 Wash.2d at 642, 919 P.2d 1228. Since no mandatory community placement appears on the face of the guilty plea, the reviewing court must conduct a broader inquiry to determine if clear and convincing evidence exists that the defendant knew, at least in general terms, of this direct consequence of his plea. Ross, 129 Wash.2d at 287, 916 P.2d 405; Stoudmire II, 145 Wash.2d at 266, 36 P.3d 1005. Once in play, the State bears the burden of establishing the validity of the guilty plea. Ross, 129 Wash.2d at 287, 916 P.2d 405.
There is simply no evidence that Hemenway knew of the mandatory community placement at the time he entered his plea. A plea is involuntary if it is made without knowledge of direct consequences, and withdrawal must be allowed to prevent a manifest injustice. Ross, 129 Wash.2d at 283-84, 916 P.2d 405. Therefore, it is invalid, as is the judgment and sentence based upon it.[2] This is a proper subject for a personal restraint petition, and Hemenway should properly be granted relief.
Hemenway asks for specific performance of his plea agreement. When a defendant "was not informed of the sentencing consequences of the plea, the defendant must be given the initial choice of remedy." State v. Miller, 110 Wash.2d 528, 536, 756 P.2d 122 (1988). However, if the State can establish that remedy is unjust, a court may impose the other remedy, in this case, withdrawal of his plea. Miller, 110 Wash.2d at 536, 756 P.2d 122.
Given that the two year community placement is mandatory, I would decide relief as a matter of law and limit Hemenway to withdrawal of his guilty plea. See State v. Walsh, 143 Wash.2d 1, 7, 17 P.3d 591 (2001). I respectfully dissent.
NOTES
[1] There is no question here that Hemenway was sentenced by a court of competent jurisdiction.
[2] To the extent that this court's recent decision in In re Pers. Restraint of Stoudmire (II), 145 Wash.2d 258, 36 P.3d 1005 (2001) suggests that facial invalidity under RCW 10.73.090(1) refers to a facially invalid plea, we take this opportunity to make clear that plea documents are only relevant to the question under RCW 10.73.090(1) in so far as they bear on the facial validity of the judgment and sentence. See In re Pers. Restraint of Goodwin, Noted at 146 Wash.2d 861, 50 P.3d 618, at 621 (2002).
[1] Hemenway also contends that he falls within the RCW 10.73.100(6) exception for a significant change in the law. I continue to believe that State v. Ross, 129 Wash.2d 279, 916 P.2d 405 (1996) was a significant change in the law. See Stoudmire, 145 Wash.2d at 267, 36 P.3d 1005 (Chambers, J., concurring). The various tests articulated by this court to determine significance are merely tools to reach a deeper question: was the legal theory fairly available before the particular case was decided? If so, then the RCW 10.73.100(6) exception should not be available. If not, then the petitioner should be allowed to bring a personal restraint petition based on the new rule of law announced by this or other courts.
[2] Division Two of the Court of Appeals recently attempted to harmonize the law in this area. State v. McDermond, 112 Wash.App. 239, 47 P.3d 600 (2002). The Court of Appeals, Morgan, J., writing, proposes a three part test:

(1) Was the defendant incompletely or inaccurately advised about one or more consequences of the plea? (2) Could the defective advice have materially affected the defendant's decision to plead guilty? (3) Did the defective advice materially affect the defendant's decision to plead guilty? ... If the answer to any question is no, the remaining questions need not be reached, and the plea should be upheld. If the answer to all three questions is yes, the plea should be set aside.
McDermond, 112 Wash.App. at 248, 47 P.3d 600. Because of the timing of this case, this court has had no occasion to consider this proposal, and so our opinion should not be read as rejecting this approach.