**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>LARELL HARTTLET. | No. 51580-6-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Larell Harttlet seeks relief from personal restraint imposed following his 2010 plea of guilty to first degree robbery. He argues that his offender score should have been 3, not 6. We remand his judgment and sentence for correction.

RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final. Harttlet's judgment and sentence became final on March 12, 2010, when the trial court entered it. RCW 10.73.090(3)(a). He did not file his petition until March 19, 2018, more than one year later.[1] Unless he shows that one of the exceptions contained in RCW 10.73.100 applies or that his judgment and sentence is facially

---

[1] Harttlet filed a motion to correct his judgment and sentence in the trial court. That court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition.

invalid, his petition is time-barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

Harttlet argues that his judgment and sentence is facially invalid because his criminal history lists a first degree robbery prior conviction, which does not exist, and his offender score counts that conviction as 3 points, when a first degree robbery prior conviction would only count as 2 points. The State concedes that the judgment and sentence is facially invalid, but argues that once errors in the judgment and sentence are corrected, Harttlet's offender score is still 6, so his judgment and sentence should be remanded for correction, not resentencing. *In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 597, 316 P.3d 1007 (2014) (to obtain relief, petitioner must demonstrate actual and substantial prejudice).

On March 12, 2010, Harttlet was sentenced under two cause numbers. In cause number 09-1-01946-2 (the 946 cause), he was sentenced for first degree robbery while armed with a deadly weapon. In cause number 09-1-04299-5 (the 299 cause), he was sentenced for first degree assault and second degree unlawful possession of a firearm.[2] The 946 judgment and sentence correctly listed three prior convictions, totaling three points, but erroneously included a first degree robbery conviction which did not exist. It also erroneously omitted the first degree assault and second degree unlawful possession of a firearm convictions in the 299 cause which, according to the stipulation on prior record and offender score in the 946 cause, should have been included in the 946 cause as other current convictions. If the first degree robbery prior conviction is removed, and the first degree assault and second degree unlawful possession of a firearm other current

---

[2] The trial court ran the sentences concurrent with each other.

convictions (scored as 2 points and 1 point, respectively) are added to the 946 judgment and sentence, then Harttlet's offender score remains 6.

Because the errors in Harttlet's 946 judgment and sentence do not prejudice him and based on the parties' stipulation in the trial court, we remand his judgment and sentence for correction as described above, rather than for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MELNICK, J.

We concur:

_____
JOHANSON, P.J.

_____
BJORGEN, J.