# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of<br><br>DENNIS OYA | No. 51355-2-II<br>(Consolidated with 51422-2-II, 51569-5-II,<br>51663-2-II)<br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — Dennis Oya seeks relief from personal restraint resulting from his 2009 plea of guilty to first degree assault and first degree unlawful possession of a firearm. In a series of four petitions,[1] he argues that (1) his offender score of 8 is incorrect and should be 7, (2) the error in his offender score rendered his plea involuntary, (3) the trial court erred in imposing a term of community custody of 24 to 48 months, and he repeats the argument (4) that the offender score is incorrect.

RCW 10.73.090(1) provides,

No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the

---

[1] Three of the petitions were filed in the trial court as motions to modify or correct his judgment and sentence and were transferred by that court to us under CrR 7.8(c)(2) to be considered as personal restraint petitions. A Commissioner of this court consolidated the four petitions into the anchor case, No. 51355-2-II and all four petitions address the same superior court cause No. 09-1-00534-8.

judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

Oya's judgment and sentence became final on August 28, 2009, when the trial court entered it. RCW 10.73.090(3)(a). He did not file his petitions until starting January 10, 2018, more than one year later. Unless he shows that one of the exceptions in RCW 10.73.100 applies or shows that his judgment and sentence is facially invalid, his petitions would be time-barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

Oya does not argue that any of the exceptions in RCW 10.73.100 apply. He argues that his judgment and sentence is facially invalid because its offender score of 8 is not supported by the criminal history it lists. The State concedes that the judgment and sentence is facially invalid and so it is exempt from the one-year time-bar. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002). The State also concedes that Oya is entitled to be resentenced with an offender score of 7. *Goodwin*, 146 Wn.2d at 877. We accept the State's concessions.

Oya next argues that the error in his offender score renders his plea involuntary. But this claim is time-barred. *See In re Pers. Restraint of Clark*, 168 Wn.2d 581, 587, 230 P.3d 156 (2010). And an error in a judgment and sentence does not render a plea involuntary. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 141, 267 P.3d 324 (2011).

Finally, Oya argues that the trial court erred in imposing an indefinite term of community custody of 24 to 48 months. He argues that at the time of sentencing, former RCW 9.94A.701(1)(b) (2009) had been amended to provide that the term of community custody for a serious violent offense, such as first degree assault, should be 36 months. The State concedes that Oya's judgment and sentence should be corrected to impose a 36-month term of community custody.

2

Consol. Nos. 51355-2-II / 51422-2-II / 51569-5-II / 51663-2-II

We grant Oya's petitions as to issues (1), (3), and (4), deny his petitions as to issue (2), and remand his judgment and sentence for resentencing with a correct offender score and a correct term of community custody.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Sutton, J._
SUTTON, J.

We concur:

_Johanson, J._
JOHANSON, P.J.

_Melnick, J._
MELNICK, J.