# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| In the Matter of the Personal Restraint of | No. 52634-4-II (consolidated with No. 53104-6-II) |
|---|---|
| SAMUEL F. VALDEZ, | |
| Petitioner. | UNPUBLISHED OPINION |

GLASGOW, J. — Samuel F. Valdez seeks relief from personal restraint imposed following his 2016 convictions for solicitation to commit first degree murder, first degree arson, delivery of marijuana, and possession of marijuana with intent to manufacture or deliver. We affirmed his convictions but remanded for reconsideration of discretionary legal financial obligations. We issued the mandate of his appeal on December 14, 2017, making his judgment and sentence otherwise final on that date. RCW 10.73.090(3)(b).

On May 29, 2018, Valdez filed a motion for relief from judgment under CrR 7.8 in the trial court. That court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition. In that motion, Valdez claimed that the State had knowingly presented perjured testimony from Christopher Horton, a primary witness for the State. Because Valdez filed his CrR

7.8 motion within one year of his judgment and sentence becoming final, this petition is not time-barred under RCW 10.73.090(1).

On November 14, 2018, Valdez filed a motion to supplement his petition and to add additional grounds. On November 20, 2018, we granted his motion to supplement his petition and add additional grounds, but we advised him that the additional grounds would be subject to the time-bar if not filed before December 14, 2018. He filed his supplemental petition in January 2019, repeating the argument raised in his original CrR 7.8 motion and adding two additional grounds: a challenge to the veracity of search warrant affidavits and a claim that the trial court denied him due process by imposing excessive bail, restraining him in court, requiring excessive courthouse security, committing instructional error, and interfering with his communications with defense counsel. We consolidated the supplemental petition with Valdez's original petition.

In April 2019, Valdez filed a second motion to supplement his petition. We granted this motion to supplement and advised him that raising additional grounds may be subject to the one-year time-bar. He filed his supplement in May 2019, repeating the arguments he made in his January 2019 supplement and adding a claim that the prosecutor knew of evidence that likely showed he was innocent. This court granted the motion and accepted the supplemental petition.

Because the supplemental petitions were filed more than one year after his judgment and sentence became final, the additional grounds raised in them are subject to the time-bar contained in RCW 10.73.090(1). *In re Pers. Restraint of Haghighi*, 178 Wn.2d 435, 446, 309 P.3d 459 (2013). Thus, as to the additional grounds raised in his supplemental petitions, unless Valdez shows that one of the exceptions contained in RCW 10.73.100 applies or that his judgment and sentence is facially invalid, they are time-barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d

529, 532-33, 55 P.3d 615 (2002). Valdez does not show, or even argue, that one of the exceptions contained in RCW 10.73.100 applies or that his judgment and sentence is facially invalid. Thus, the additional grounds raised in his supplemental petitions are time-barred.

Valdez's original petition contained a timely claim that the State knowingly presented perjured testimony from Horton. He supports this petition with investigator interviews of Horton and his associates, affidavits from others contradicting parts of Horton's testimony, and a transcript of defense counsel's interview with Horton.

If the State obtains a conviction with evidence that prosecutors know to be false, even though they did not solicit the false evidence, the conviction "'must fall under the Fourteenth Amendment.'" *Jackson v. Brown*, 513 F.3d 1057, 1075 (9th Cir. 2008) (quoting *Napue v. Illinois*, 360 U.S. 264, 269, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959)).

While the affidavits and investigator interviews present recollections of various events different from Horton's, Valdez does not show that the State used false evidence pertaining to the alleged crimes that prosecutors knew to be false. At most, Valdez presents evidence calling into question Horton's general veracity, an argument his counsel raised at trial.

Valdez also claims that the State violated *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), by not disclosing an additional eight interviews that he says the State conducted with Horton. But he does not show that there were such additional interviews. All he shows is that there were nine sets of prosecutor's interview notes as to Horton, and those notes are exempt from discovery under CrR 4.7(f)(1). Valdez does not show a *Brady* violation.

3

Consol. Nos. 52634-4-II / 53104-6-II

Valdez does not present grounds for relief from restraint under RAP 16.4(c). We therefore deny his petition and deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
GLASGOW, J.

We concur:

_____
MAXA, C.J.

_____
MELNICK, J.