# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br>ANTHONY DEWAYNE PARKER,<br><br>                               Petitioner. | No.  54245-5-II<br><br><br>UNPUBLISHED OPINION<br><br><br>No.  54471-7-II |
| In the Matter of the Personal Restraint Petition of<br><br>ANTHONY DEWAYNE PARKER,<br><br>                               Petitioner. | |

MELNICK, J. – Anthony Parker seeks relief from personal restraint imposed as a result of his 2014 convictions for one count of human trafficking in the first degree (count I), one count of promoting prostitution in the first degree (count II), four counts of  assault in the second degree (counts III, V, VII, and VIII), one count of  burglary in the first degree (count IV), one count of kidnapping in the first degree (count VI), one count of  unlawful possession of a firearm in the first degree (count X), and one count of witness tampering (count XI).

As to count I, the trial court imposed an exceptional sentence of 457 months of confinement plus 132 months of firearm enhancements for counts I, II, and VIII. As to the remaining counts, it imposed standard range sentences concurrent with the sentence in count I. Parker filed motions in the trial court under CrR 7.8(c)(2), which the trial court transferred to this court to be considered as personal restraint petitions. Parker argues that (1) his judgment and sentence incorrectly states that the maximum sentence for count I is life imprisonment, (2) his sentences as to counts II, VIII, and XI exceed the statutory maximum sentence for those crimes, (3) his offender scores were incorrectly calculated, (4) the firearm enhancements on counts I and II violate double jeopardy, and (5) the prosecutor engaged in misconduct during closing arguments.

RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final. Parker's judgment and sentence became final on July 14, 2017, when the mandate following his direct appeal issued. RCW 10.73.090(3)(b). He did not file his petitions until November 4, 2019 for issues (1) and (2), November 13, 2019 for issue (3), January 15, 2020 for issue (4), and January 20, 2020 for issue (5)—more than one year later. Unless he shows that one of the exceptions contained in RCW 10.73.100 applies or that his judgment and sentence is facially invalid, his petition is time-barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

As to the first issue, the maximum sentence for count I, Parker fails to show that any of the exceptions contained in RCW 10.73.100 apply to his petition or to identify any invalidity on the face of his judgment and sentence. The statutory maximum sentence for first degree human trafficking is life imprisonment. RCW 9A.20.021(1); former RCW 9A.40.100(2) (2012).

As to the second issue, the State concedes that the sentences for counts II, VIII, and XI exceed the statutory maximums and we should remand to the trial court for correction. As to count II, the trial court imposed a base sentence of 120 months, plus a 36-month firearm enhancement, plus a 12-month term of community custody. This combined sentence exceeds the statutory maximum sentence of 120 months. As to count VIII, the trial court imposed a base sentence of 84 months, plus a 36-month firearm enhancement, plus an 18-month term of community custody. This combined sentence exceeds the statutory maximum sentence of 84 months. Finally, as to count XI, the trial court imposed a sentence of 69 months, which exceeds the statutory maximum sentence of 60 months.

As to the third issue, Parker fails to show that any of the exceptions contained in RCW 10.73.100 apply to his petition or to identify any invalidity on the face of his judgment and sentence. He fails to show that his prior juvenile convictions should have washed out of his offender score or that the trial court should not have counted his other current convictions in his offender score.

As to the fourth issue, Parker fails to show that his firearm enhancements on counts I and II constitute double jeopardy under the "unit of prosecution" analysis; therefore, he neither shows that his petition falls within the exception contained in RCW 10.73.100(4) nor that his judgment and sentence is facially invalid.

As to the fifth issue, Parker fails to show either that any of the exceptions contained in RCW 10.73.100 apply to his petition or that any invalidity on the face of his judgment and sentence exists.

We grant Parker's petition as to the second issue and remand to the trial court to correct the sentences on counts II, VIII, and XI by sentencing him to terms that do not exceed the statutory maximums for each crime. We deny the remainder of his petitions. We deny Parker's request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MELNICK, J.

We concur:

WORSWICK, P.J.

MAXA, J.