# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>DEREK LAMONT BLANKS,<br><br>       Petitioner. | No. 54672-8-II<br><br><br>PUBLISHED OPINION |

  Derek Blanks seeks relief from personal restraint imposed following his 2006 guilty plea to child molestation in the first degree. In this personal restraint petition (PRP), his ninth PRP,[1] he argues that he received ineffective assistance of counsel in deciding to plead guilty. He contends his counsel erroneously advised him he would be eligible for a special sex offender sentencing alternative (SSOSA) sentence. Because Blanks' PRP is time barred, we dismiss it.

---

[1] *See* Order Dismissing Petition, *In re Pers. Restraint of Blanks*, No. 39339-5-II (Aug. 19, 2009); Order Dismissing Petition, *In re Pers. Restraint of Blanks*, No. 45982-5-II (June 30, 2014); Order Dismissing Petition, *In re Pers. Restraint of Blanks*, No. 47564-2-II (Aug, 10, 2015); Supreme Court Ruling Conditionally Denying Review, *In re Pers. Restraint of Blanks*, No. 92055-9 (Mar. 25, 2016); Order Dismissing Review, *In re Pers. Restraint of Blanks*, No. 49165-6-II (Oct. 25, 2016); Order Dismissing Petition, *In re Pers. Restraint of Blanks*, No. 49404-3-II (Jan. 24, 2017); Order Dismissing Petitions, *In re Pers. Restraint of Blanks*, Nos. 51390-1-II and 51512-1-II (consolidated) (May 25, 2018); and Order Dismissing Petition, *In re Pers. Restraint of Blanks*, No. 53474-6-II (Jul. 3, 2019).

RCW 10.73.090(1) provides:

No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

Blanks' judgment and sentence became final on July 17, 2008, when we issued the mandate following his direct appeal. RCW 10.73.090(3)(b). He did not file this petition until May 20, 2020, more than one year later.[2] Blanks cannot show that any of the exceptions in RCW 10.73.100 apply, nor can he show that his judgment and sentence is facially invalid. Therefore, his petition is time barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

Blanks argues that the time bar, RCW 10.73.090, is tolled by Washington State Governor Jay Inslee's Proclamation 20-47, issued on April 14, 2020. Division Three of the Washington State Court of Appeals recently decided this issue in *In re Pers. Restraint of Millspaugh*, No. 37552-8-III (Wash. Ct. App. Aug. 11, 2020), http://www.courts.wa.gov/opinions/pdf/375528_pub.pdf. *Millspaugh* concluded that the Proclamation preserved existing rights and did not revive expired claims. We agree with this reasoning.

Because Blank's PRP was already time barred when Proclamation 20-47 issued, it is untimely.

---

[2] Blanks filed a motion to withdraw his guilty plea under CrR 7.8 in the trial court. That court transferred his motion to us under CrR 7.8(c) to be considered as a PRP.

We exercise our discretion to decide and dismiss this petition through a written opinion. RAP 17.6(b). [3] RAP 16.11(b).

_____
Melnick, J.

We concur:

_____
Maxa, J.

_____
Lee, C.J.

---

[3] Although Blanks' petition is successive, we dismiss it rather than transfer it to our Supreme Court because it is also untimely. *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 86-87, 74 P.3d 1194 (2003). Blanks' request to appoint counsel is denied.