# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52091-5-II |
| Respondent, | |
| v. | |
| RONALD WILLIAM MCNEAL, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Ronald McNeal appeals his amended judgment and sentence for unlawful possession of a controlled substance—methamphetamine, and unlawful delivery of a controlled substance—methamphetamine. In 2016, we considered McNeal's prior CrR 7.8 motion as a personal restraint petition (PRP) and remanded the case for correction of scrivener's errors. The trial court issued an order correcting those errors, but left intact previously imposed discretionary legal financial obligations (LFOs). McNeal now argues, and the State concedes, that these discretionary LFOs are no longer authorized. In a Statement of Additional Grounds (SAG) for Review, McNeal also argues that he was denied due process when the trial court denied him a hearing to review his offender score and criminal history at the hearing to correct the scrivener's errors. We hold that McNeal's due process rights were not violated. We affirm McNeal's sentence, but remand to the trial court to strike the discretionary LFOs.

## FACTS

In 2012, Ronald McNeal was convicted of one count of unlawful possession of a controlled substance—methamphetamine, and one count of unlawful delivery of a controlled

No. 52091-5-II

substance—methamphetamine. At the time of his conviction, McNeal's criminal history included second degree theft, three felony violations of the Uniform Controlled Substances Act (UCSA),[1] unlawful possession of a firearm, and three counts of driving with license suspended in the third degree (DWLS). The judgment and sentence form listed Lewis County as the sentencing court for all three DWLS convictions.

McNeal's offender score was calculated as an 8, based on his criminal history and that he committed a current conviction while on community custody. The trial court sentenced him to a total of 144 months of confinement.

At the time of McNeal's first sentencing, the trial court found him indigent for the purposes of seeking review at public expense and providing an attorney for his appeal. Nonetheless, the trial court imposed the following LFOs: $200 criminal filing fee, $2,400 court appointed attorney fees, $3,000 for violating the UCSA, $500 for the Lewis County drug enforcement fund, and a $500 mandatory crime victim assessment, for a total of $6,600. Approximately three weeks later, the trial court entered an order amending McNeal's judgment and sentence to add an additional $883 for court appointed investigative services.

McNeal filed a direct appeal in 2012, and we affirmed his conviction. *State v. McNeal*, No. 43290-1-II, slip op. at 1 (Wash. Ct. App. Nov. 26, 2013) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2043290-1-II%20%20Unpublished%20Opinion.pdf. After we affirmed McNeal's conviction and mandated the case, the trial court entered an order imposing additional LFOs of $72 .00 "to the Lewis

---

[1] Ch. 69.50 RCW.

2

No. 52091-5-II

County Prosecuting Attorney's Office" and $3,680.59 "to Office of Public Defense Appellate Indigent Defense Fund." Clerk's Papers at 49.

In 2016 McNeal filed a CrR 7.8(b) motion to correct the judgment and sentence. The trial court found McNeal's motion time-barred under RCW 10.73.090(1),[2] and transferred McNeal's motion to this court for consideration as a personal restraint petition (PRP). McNeal argued that the trial court improperly calculated his offender score and that the convictions listed for DWLS in Lewis County did not exist. He argued that because the convictions for DWLS did not exist, his offender score was invalid on its face because it erroneously included washed-out offenses.

We issued an order dismissing the petition, but remanded the case for correction of scrivener's errors in September 2017. We held that McNeal's PRP was time-barred under RCW 10.73.090(1) because it was filed more than one year after his judgment and sentence became final, explaining that the State had demonstrated that McNeal's DWLS convictions did exist, just not in Lewis County.[3] The State conceded that McNeal's original judgment and sentence contained scrivener's errors, which listed two of his DWLS convictions as arising from Lewis County, when in fact they were Thurston County convictions. Thus, we remanded McNeal's judgment and sentence to the trial court for correction of these scrivener's errors on the DWLS convictions.

_____

[2] RCW 10.73.090(1) provides, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."

[3] McNeal's judgment and sentence became final on January 15, 2014, following the resolution of his direct appeal. He filed his last PRP in December of 2016.

The State filed a motion and affidavit to amend the judgment and sentence for the scrivener's errors, asking the trial court to change "Lewis" to "Thurston" on two of McNeal's DWLS convictions. The motion came before the trial court in February 2018. After the court made its decision, McNeal declined to sign the order amending the judgment and sentence. McNeal argued he had not seen proof that the discrepancies were scrivener's errors or that the cases were from Thurston County. The court explained that it had no discretion over the matter, that it had to follow the order to amend as instructed by the Court of Appeals, and that McNeal was not entitled to an attorney for the motion proceedings.

McNeal appeals the amended judgment and sentence.

ANALYSIS

I. LEGAL FINANCIAL OBLIGATIONS

McNeal argues, and the State concedes, that the trial court erroneously imposed discretionary legal financial obligations despite McNeal's indigency. We agree.

McNeal's judgment and sentence was final in 2014. However, here the State makes no timeliness argument and concedes that we should remand to strike McNeal's discretionary legal financial obligations. The State notes that we should not remove McNeal's $500 mandatory crime victim assessment.

Discretionary LFOs may be waived by the court. Accordingly, we accept the State's concession and remand to the trial court to strike the discretionary LFOs.

II. STATEMENT OF ADDITIONAL GROUNDS

McNeal filed a SAG in which he makes additional claims. He claims that he was denied due process when the trial court refused to hold a hearing to examine the scrivener's errors, that

4

such a hearing would reveal some of his convictions washed out, and that his offender score was calculated incorrectly because his DWLS convictions were unconstitutional. Each claim fails.

Generally, where a trial court has no discretion as to the actions it can take on remand, there is nothing for us to review on appeal. *In re Pers. Restraint of Sorenson*, 200 Wn. App. 692, 699, 403 P.3d 109 (2017). If a judgment and sentence is remanded for a scrivener's error but not otherwise reversed, then an appeal from the amended judgment and sentence is time-barred when filed more than one year after the original judgment and sentence is final. *Sorenson*, 200 Wn. App. at 699-700; RCW 10.73.090(1), (3)(b).

A collateral attack on a judgment and sentence is time-barred one year after the judgment becomes final unless an exception applies, or the sentence is invalid on its face. RCW 10.73.090(1); 10.73.100; *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002). Additionally, as explained in *Sorenson*, a judgment and sentence that is remanded for a scrivener's error but not otherwise reversed is not reviewable on appeal if filed more than one year after judgment becomes final. 200 Wn. App. at 699-700. Finally, a SAG may not contain or refer to documents outside the record on appeal. RAP 10.10(c).

McNeal's arguments are barred for timeliness and no exception applies. His judgment and sentence became final in 2014. This appeal was filed in March 2018, well after the one-year mark. He makes no showing that any exception under RCW 10.73.100 applies. Although McNeal does argue that his judgment and sentence is invalid on its face, he reaches outside the record on appeal.[4] Finally, McNeal is barred from raising these arguments here because the

---

[4] Generally, a PRP is the proper vehicle for claims arising out of facts not in the appellate record. See RAP 16.4.

No. 52091-5-II

previous remand was only for scrivener's errors and the court below had no discretion over the amended judgment and sentence. Accordingly, the claims in McNeal's SAG fail.

We affirm McNeal's sentence, but remand to the trial court to strike the discretionary LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, C.J.

_____
Glasgow, J.

6