# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

|  |  |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>FRANCISCO SANCHEZ RUIZ,<br><br>                    Petitioner. | No. 54965-4-II<br><br><br>UNPUBLISHED OPINION |

CRUSER, J. - Francisco Ruiz seeks relief from personal restraint imposed following his 2008 plea of guilty to three counts of second degree assault with sexual motivation and one count of third degree assault, all crimes committed against his girlfriend's minor children while they were in his care. He argues that the following community custody conditions should be removed or modified:

> (15) Do not possess or peruse pornographic materials. Your community corrections officer will define pornographic material.
> (16) Hold no position of authority or trust involving children under the age of 18.
> (17) Do not initiate or prolong physical contact with children under the age of 18 for any reason.
> (18) Inform your community corrections officer of any romantic relationships to verify there are no victim-age children involved.
> (19) Submit to polygraph and plethysmograph testing upon direction of your community corrections officer or therapist at your expense.
> . . . .
> (26) No contact with minors without prior approval of the Court, DOC/CCO and Sexual Deviancy Treatment Provider.

Resp. to Pers. Restraint Pet., App. at 39-40 (Judgment & Sentence, App. H).

RCW 10.73.090(1) provides:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

Ruiz's judgment and sentence became final on July 18, 2008, when the trial court entered it. RCW 10.73.090(3)(a). He did not file his petition until June 9, 2020, more than one year later.[1] Unless he shows that one of the exceptions in RCW 10.73.100 applies or shows that his judgment and sentence is facially invalid, his petition is time-barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

Ruiz does not argue that any of the exceptions in RCW 10.73.100 applies. First, he argues that conditions 16, 17 and 26 interfere with his constitutional right to parent his children. *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008); *State v. Letourneau*, 100 Wn. App. 424, 439-41, 997 P.2d 436 (2000). But his claim that the above conditions are not crime-related, or exceed the court's authority to restrict a parent's constitutional rights, cannot be determined from the face of the judgment and sentence, so those claims are time-barred. *See State v. Johnson*, 180 Wn. App. 318, 325-26, 327 P.3d 704 (2014).

Ruiz also argues that conditions 15, 18 and 19 are unconstitutionally vague and therefore facially invalid. As to condition 15, the State concedes that under *State v. Bahl*, 164 Wn.2d 739, 758, 193 P.3d 678 (2008), the condition must be modified to make it constitutionally acceptable. As to condition 18, the State concedes that under *United States v. Reeves*, 591 F.3d 77, 81 (2d Cir. 2010), that the condition must be modified to make it constitutionally acceptable. And as to condition 19, the State concedes that under *State v. Land*, 172 Wn. App. 593, 605, 295 P.3d 782

---

[1] Ruiz filed a motion to modify community custody conditions in the trial court. That court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition.

No. 54965-4-II

(2013), the condition must be clarified to provide that the plethysmograph testing can only be for treatment purposes.

We grant Ruiz's petition in part and remand to the trial court to modify community custody conditions 15, 18, and 19 as provided above. We deny the remainder of his petition. We deny Ruiz's request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, P.J.

SUTTON, J.

3