# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>RICK LINSCOTT KERR,<br><br>        Petitioner. | No. 55469-1-II<br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Rick Linscott Kerr seeks relief from personal restraint imposed following his 2000 plea of guilty to first degree rape of a child. He was sentenced to confinement for life without possibility of parole and to community custody. He now seeks to remove or modify the following conditions of community custody:

> 3. DNA/HIV testing; No consumption or possession of alcohol;
> …
> 5. No use, possession of or access to computers, including modems;
> …
> 8. Submit to random urinalysis testing;
> 9. Do not form personal relationships with mothers of minors.

Br. of appellant, J. & Sentence, App. H Community Placement, 4.5(b) at 36.

RCW 10.73.090(1) provides:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

Kerr's judgment and sentence became final June 9, 2000, when the trial court entered it.

RCW 10.73.090(3)(a). He did not file his petition until November 18, 2020, more than one year

later.[1] Unless he shows that one of the exceptions in RCW 10.73.100 applies or shows that his judgment and sentence is facially invalid, his petition is time-barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002). Kerr does not argue that any of the exceptions in RCW 10.73.100 applies. He argues that the conditions above are invalidly imposed, making his judgment and sentence facially invalid.

First, Kerr argues that the prohibition on possession of alcohol in condition 3 is facially invalid because at the time he was sentenced, former RCW 9.94A.120(10)(b) (1999) and former RCW 9.94A.120(9)(c)(iv) (1999), allowed the imposition of a condition prohibiting only the consumption of alcohol. *State v. Norris*, 1 Wn. App. 2d 87, 90, 404 P.3d 83 (2017). But former RCW 9.94A.120(15)(b) (1999) allowed for additional crime-related conditions. Kerr's presentence investigation report shows that alcohol abuse was related to his crime. He does not show that condition 3 is facially invalid.

Second, Kerr argues that the blanket prohibition use, possession, or access to computers in condition 5 is facially invalid. A sentence can restrict a convicted defendant's access to the internet, but those restrictions must be narrowly tailored to the dangers posed by that defendant. *State v. Padilla*, 190 Wn.2d 672, 678, 416 P.3d 712 (2018). The State contends that because Kerr had images of minors engaged in sexually explicit conduct on his computer, the prohibition on computer possession or use is a facially valid crime-related condition. It relies primarily on *State v. Riley*, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993), which upheld a condition prohibiting Riley, who had been convicted of computer trespass, from possessing any computers. But the ubiquity of computers and internet use in daily life in 2021 renders *Riley* of little use in

---

[1] Kerr filed a motion to modify or correct judgment and sentence in the trial court. That court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition, but not until January 20, 2021.

addressing restrictions on internet use. Recently, in *State v. Johnson*, 197 Wn.2d 740, 745, 487 P.3d 893 (2021), our Supreme Court suggested that a blanket prohibition on internet use would be a facially invalid condition. The court noted that restrictions on internet use have due process and First Amendment implications. *Packingham v. North Carolina*, ___ U.S. ___, 137 S. Ct. 1730, 1735, 198 L. Ed. 2d 273 (2017). The court upheld the trial court's condition that "Johnson shall 'not use or access the World Wide Web unless specifically authorized by [his community custody officer] through approved filters' as a condition of community custody." *Johnson*, 197 Wn.2d at 744 (modification in original). But, in so doing, it noted that "[w]hile a blanket ban [on internet use] might well reduce his ability to improve himself [and therefore be unconstitutionally overbroad], a properly chosen filter should not." *Johnson*, 197 Wn.2d at 746. Here, the trial court imposed a broad prohibition on computer and internet use. Thus, we conclude that the blanket prohibition regarding computers in condition 5 is unconstitutional and renders Kerr's judgment and sentence facially invalid.

Third, Kerr argues that the requirement of submission to random urinalysis testing in condition 8 is facially invalid because it is not statutorily authorized. But like condition 3, former RCW 9.94A.120(15)(b) (1999) allowed for additional crime-related conditions. Kerr's presentence investigation report shows that alcohol abuse was related to his crime, and urinalysis testing was permissible to enforce compliance with condition 3. He does not show that condition 8 is facially invalid.

Finally, Kerr argues that the prohibition on "form[ing] personal relationships with mothers of minors" in condition 9 is unconstitutionally vague, rendering his judgment and sentence facially invalid. *State v. Peters*, 10 Wn. App. 2d 574, 590-91, 455 P.2d 141 (2019). The State concedes that condition 8 should be modified to define the types of relationships Kerr

No. 55469-1-II

is prohibited from forming in order to eliminate the condition's unconstitutional vagueness. *Peters*, 10 Wn. App. 2d at 591. We accept the State's concession.

We grant Kerr's petition in part and remand his judgment and sentence to the trial court to modify conditions 5 and 9 to make them constitutionally permissible. We deny the remainder of Kerr's petition and deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, C.J.

Cruser, J.