# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>SHAWN ERIN ENNIS,<br><br>                Petitioner. | No.  56162-0-II<br><br>UNPUBLISHED OPINION |

PRICE, J.—Shawn Ennis seeks relief in this personal restraint petition (PRP) following his 2019 plea of guilty to three counts of first degree incest and one count of sexual exploitation of a minor.  He now seeks to remove or modify the following conditions of community custody:

> 5. You shall not possess or consume alcohol without prior approval from DOC and all treatment providers.  RCW 9.94A.703(3)(e).
>
> 6. You shall submit to urine, breath, PBT/BAC, or other monitoring whenever requested to do so by your community corrections officer to monitor compliance with abstention from alcohol and nonprescribed controlled substances.
>
> 7. You shall not possess or consume any controlled substances without a lawful prescription.
>
> . . . .
>
> 10. You shall, at your own expense, submit to polygraph examinations at the request of DOC and/or your sexual deviancy treatment provider.  Such exams will be used to ensure compliance with the conditions of community custody and of your treatment program(s).  You shall provide non-deceptive answers on all polygraph examinations.  The defendant stipulates that the results of the polygraph examination can be used by the State in any probation violation hearing.
>
> 11. You shall not possess, use, access, or view any sexually explicit material as defined by RCW 9.68.130(2) or erotic materials as defined by RCW 9.68.050(2) or any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68A.011(4) unless given prior approval by DOC and your sexual deviancy treatment provider.
>
> . . . .

15. You shall not possess any electronic device capable of accessing the internet without prior approval of DOC and your sexual deviancy treatment provider. You shall not access the internet without prior approval of DOC and your sexual deviancy treatment provider.

. . . .

17. You shall comply with any conditions imposed by DOC under RCW 9.94A.704. RCW 9.94A.703(1)(b).

Resp. Br., App. A at 17-18 (Judgment and Sentence, App. A).

RCW 10.73.090(1) provides:

No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

Ennis' judgment and sentence became final when the trial court entered it on March 25, 2019. RCW 10.73.090(3)(a). He did not file his petition until September 7, 2021, more than one year later. Unless he shows that an exception in RCW 10.73.100 applies or that his judgment and sentence is facially invalid, his petition is time barred. *In re Pers. Restraint of Hemenway,* 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002). A judgment and sentence is facially invalid where it "evidences the invalidity without further elaboration." *Id.* at 532.

Ennis does not argue that any of the exceptions in RCW 10.73.100 apply. Rather, he argues that his judgment and sentence is facially invalid as a result of the imposition of the above conditions.

Ennis fails to show that conditions 5, 6, 7, 10, 11, or 17 are facially invalid. The trial court can prohibit alcohol consumption even if the crimes did not involve alcohol use. RCW 9.94A.703(3)(e); *State v. Jones*, 118 Wn. App. 199, 206-07, 76 P.3d 258 (2003). It can restrict the possession of non-prescribed controlled substances. RCW 9.94A.703(2)(c). Restrictions on

2

access to sexually explicit materials are not unconstitutionally vague. *State v. Nguyen*, 191 Wn.2d 671, 679-81, 425 P.3d 847 (2018). The court may order polygraph examinations for purposes of compliance. *State v. Riles*, 135 Wn.2d 326, 342-43, 957 P.2d 655 (1998), *abrogated on other grounds by State v. Valencia*, 169 Wn.2d 782, 239 P.3d 1059 (2010). And the trial court may delegate community custody conditions to the Department of Corrections. RCW 9.94A.703(1)(b). *State v. McWilliams*, 177 Wn. App. 139, 154, 311 P.3d 584 (2013).

However, the State concedes that the blanket prohibition on possession of electronic devices capable of accessing the internet and the prohibition from accessing the internet without prior approval contained in condition 15 are facially invalid. In *State v. Johnson*, 197 Wn.2d 740, 745-46, 487 P.3d 893 (2021), our Supreme Court suggested that a blanket prohibition on internet use would be facially invalid. It noted that "[w]hile a blanket ban [on internet use] might well reduce his ability to improve himself [and therefore be unconstitutionally overbroad], a properly chosen filter should not." *Id.* at 746; *see also State v. Geyer*, 19 Wn. App. 2d 321, 330, 496 P.3d 322 (2021). We accept the State's concession.

We grant Ennis' petition in part and remand his judgment and sentence to the trial court to modify condition 15 to make it constitutionally valid. We deny the remainder of Ennis' petition and deny his request for appointment of counsel.

No. 56162-0-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, C.J.

MAXA, J.