# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,

Appellant,

v.

TIMOTHY MICHAEL KELLY,

Respondent.

No. 56475-1-II

UNPUBLISHED OPINION

MAXA, P.J. – Timothy Kelly appeals the trial court's order denying resentencing on multiple May 2006 convictions after vacating one of the convictions – for unlawful possession of a controlled substance (UPCS) – pursuant to *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). Kelly originally was sentenced to 116 months in confinement and up to 36 months of community custody. Kelly also was sentenced to 387 months for multiple November 2006 convictions.

The trial court denied resentencing on Kelly's May 2006 convictions because he already had served his sentence and although Kelly's offender score was reduced with the vacation of the UPCS conviction and another UPCS conviction previously included in his offender score, the standard sentencing range did not change.

Kelly argues that the trial court erred in declining to resentence him for the May 2006 convictions pursuant to *Blake*. The State argues that (1) Kelly's appeal is moot because he already has served the confinement portion of his sentence; and (2) Kelly's collateral attack in the trial court more than a year after his sentence became final was time barred because once his UPCS conviction was vacated, his judgment and sentence was facially valid.

We conclude that this appeal is not moot because Kelly has not yet served his term of community custody, but we hold that Kelly's request for resentencing was time barred. Accordingly, we affirm the trial court's order declining to resentence Kelly.

FACTS

In May 2006, Kelly was convicted of first degree burglary, two counts of second degree assault, first degree possession of stolen property, first degree attempted theft, and UPCS. Based on Kelly's criminal history, his offender score for the first degree burglary conviction was a 14, which gave him a standard sentencing range of 87-116 months. His offender score for the rest of his convictions was an 11, which gave him varying sentencing ranges for each of the other convictions.

Kelly was sentenced to 116 months for first degree burglary and lesser amounts for the remaining convictions. His sentences ran concurrently, giving him a total of 116 months in confinement. Kelly also was sentenced to up to 36 months of community custody on the first degree burglary and other convictions. As part of his community custody term, Kelly was prohibited from having contact with the victims, was to remain within a specified geographical boundary, and was to undergo an evaluation for substance abuse treatment.

In November 2006, Kelly was convicted of multiple other charges and was sentenced to 387 months of confinement.[1] The trial court ordered Kelly's sentences from the May 2006 and November 2006 cases to run consecutively, giving him a total sentence of 116 months plus 387 months.

In November 2021, the trial court considered the effect of *Blake* on Kelly's May 2006 convictions and sentences. The court vacated Kelly's May 2006 UPCS conviction and the related sentence and removed another UPCS conviction from his offender score but denied Kelly's request for resentencing on the remaining convictions.

Kelly appeals the trial court's order denying his request for resentencing.

## ANALYSIS

### A. MOOTNESS

Initially, the State argues that Kelly's appeal is moot because he already had served the confinement portion of his sentence when he requested resentencing and so the trial court could not provide any effective relief other than vacating Kelly's UPCS conviction and sentence. We disagree.

The expiration of a sentencing term renders a sentencing issue moot. *State v. T.J.S.-M.*, 193 Wn.2d 450, 454, 441 P.3d 1181 (2019). But here, Kelly has not completed his sentence. In addition to a term of incarceration, the trial court imposed up to 36 months of community custody as part of Kelly's sentence. The community placement portion of a sentence is tolled

---

[1] Kelly originally was sentenced to 327 months, but after appeal the sentence was increased to 387 months.

during the period that the defendant is in confinement. RCW 9.94A.171(3)(a).[2] Although Kelly completed the confinement portion of his sentence, he has not begun the community custody portion of his sentence because he is still incarcerated due to the November 2006 convictions. Therefore, his sentencing term has not expired.

In addition, at resentencing the trial court would have been able to provide effective relief other than vacating Kelly's UPCS conviction and sentence. The court would have the discretion to alter the conditions of Kelly's community custody term because several of the original conditions were discretionary. RCW 9.94A.703(3)(a)-(b). And Kelly's previous community custody sentence of up to 36 months now would be a fixed term of 18 months under current law. RCW 9.94A.701(2).

Therefore, we conclude that Kelly's appeal is not moot.

B.      TIMELINESS OF RESENTENCING REQUEST

The State argues that Kelly's request in the trial court for collateral relief – resentencing – was time barred. We agree.

A collateral attack is "any form of postconviction relief other than a direct appeal." RCW 10.73.090(2). Therefore, Kelly's request for resentencing was a request for postconviction relief. And the request came long after his judgment and sentence became final.

Under RCW 10.73.090(1), a defendant may not collaterally attack their judgment and sentence "more than one year after the judgment becomes final if the judgment and sentence is valid on its face" or one of the exceptions in RCW 10.73.100 applies. RCW 10.73.100 lists six exceptions to the one-year time limit. Unless a defendant shows that the judgment and sentence

_____

[2] Although the sections of chapter 9.94A cited in this opinion have been amended several times since the events at issue in this case, the amendments do not affect our analysis so we cite to the current versions of these sections.

4

is facially invalid or one of the RCW 10.73.100 exceptions applies, a collateral attack is time barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

The State concedes, and we agree, that Kelly's request to vacate his UPCS conviction and associated sentence is timely under RCW 10.73.100(2) because that conviction was unconstitutional. However, Kelly does not claim that any of the RCW 10.73.100 exceptions apply to his sentence on the remaining convictions. Therefore, his request for resentencing was time barred unless the judgment and sentence is facially invalid.

Here, although Kelly's offender score changed due to his UPCS conviction being vacated and another UPCS conviction being removed, his standard sentencing range did not change. Therefore, the trial court accurately calculated the standard sentencing range and his sentence still was within the SRA-authorized sentencing range. In Kelly's linked case involving the resentencing for his November 2006 convictions, this court held that the judgment and sentence is not facially invalid in this situation. *State v. Kelly*, No. 56461-1-II, slip op. at 10-11 (Wash. Mar. 21, 2023), https://www.courts.wa.gov/opinions/pdf/D2%2056461-1-II%20Published%20Opinion.pdf.

Because Kelly's judgment and sentence remained facially valid after the UPCS conviction was vacated and another UPCS conviction was removed from his offender score, his request for resentencing was time barred. Although the trial court did not expressly base its ruling on untimeliness, we can affirm on any grounds that the record supports. *State v. Gudgell*, 20 Wn. App. 2d 162, 183, 499 P.3d 229 (2021). Accordingly, we do not address the merits of his appeal.

## CONCLUSION

We affirm the trial court's order declining to resentence Kelly.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

J_____, J.

CHE, J.