230 P.3d 156 (2010)
In the Matter of the Personal Restraint of Steven Joseph CLARK, Petitioner.
No. 81522-4.
Supreme Court of Washington, En Banc.
Argued September 17, 2009.
Decided April 8, 2010.
*157 Ann Marie Summers, King County Prosecutor's Office Seattle, WA, for Petitioner.
Jeffrey Erwin Ellis, Ellis Holmes & Witchley, P.L.L.C., Seattle, WA, for Respondent.
FAIRHURST, J.
¶ 1 Steven Joseph Clark seeks to withdraw his 1998 guilty plea to two counts of second degree robbery. Clark asserts that his plea was involuntary because the plea agreement erroneously informed him that he would serve one year of community placement. Community placement was not statutorily authorized for his crimes. He seeks to avoid the one year time limit for bringing a personal restraint petition (PRP) by arguing that his judgment and sentence is invalid on its face. The Court of Appeals agreed with Clark and remanded to the trial court to give Clark the opportunity to elect to withdraw his plea. We disagree and reverse the Court of Appeals.

I. STATEMENT OF THE CASE
¶ 2 On January 20, 1998, Clark pleaded guilty to two counts of second degree robbery for robbing two banks. As part of his plea, the State dismissed a third count of second degree robbery. The plea agreement also included a minimum of one year of community placement.[1] On February 27, 1998, the trial court entered the judgment and sentence. The trial court sentenced Clark to 25 months' imprisonment for each count, to be served concurrently. The trial court also signed an appendix regarding community placement.[2]
*158 ¶ 3 On March 6, 1998, the Department of Corrections wrote the trial court a letter asking for clarification after discovering that Clark did not meet the statutory criteria for community placement. On March 12, 1998, upon the State's motion, the trial court entered an order modifying the judgment and sentence by vacating the community placement appendix.
¶ 4 On May 14, 1999, the trial court entered a judgment and sentence against Clark on an unrelated charge of delivery of a controlled substance. Clark was sentenced to imprisonment of 12 months and 1 day, to be served concurrently to his second degree robbery sentences. The trial court did not impose community placement. At some point in 1999, Clark was released from prison.
¶ 5 On October 5 and 26, 1999, while out of prison, Clark again robbed two banks. A jury convicted him of two counts of second degree robbery. The trial court found Clark to be a persistent offender and sentenced Clark to life imprisonment without the possibility of parole.
¶ 6 In 2007, Clark filed a PRP with the Court of Appeals, Division One, alleging that his 1998 guilty plea to the two counts of robbery was involuntary because he was incorrectly informed he would be sentenced to community placement. He alleged his PRP was not time-barred because the judgment and sentence was invalid on its face. In an unpublished opinion, the Court of Appeals agreed with Clark and remanded to the trial court so he could choose whether to withdraw his plea. In re Pers. Restraint of Clark, noted at 143 Wash.App. 1048, 2008 WL 836158. We granted the State's motion for discretionary review.

II. ISSUE
¶ 7 Is Clark's PRP timely?

III. ANALYSIS
¶ 8 There are two separate issues raised by Clark's PRP. The first is whether the PRP is time-barred. The second is whether Clark's plea was involuntary. Because we hold that Clark's PRP is untimely, we do not reach the second issue.
¶ 9 The State contends that Clark's PRP was untimely because he filed his PRP more than one year after judgment became final. Clark contends that he is not bound by the one year statute of limitations because the judgment and sentence is invalid on its face.
¶ 10 RCW 10.73.090(1) provides, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." A judgment becomes final on the date it is filed with the clerk of the trial court if no appeal is filed. RCW 10.73.090(3)(a). Here, Clark's judgment and sentence became final in 1998 and his PRP was filed in 2007. Therefore, Clark is well outside the one year time limit prescribed in RCW 10.73.090(1). However, the statutory time limit does not apply if the judgment and sentence is not valid on its face. Id.
¶ 11 A judgment and sentence is not valid on its face when the judgment and sentence, without further elaboration, evidences *159 an error. In re Pers. Restraint of Thompson, 141 Wash.2d 712, 718, 10 P.3d 380 (2000). The documents of a plea agreement can inform the inquiry as to whether the judgment and sentence is invalid on its face. In re Pers. Restraint of Hemenway, 147 Wash.2d 529, 532, 55 P.3d 615 (2002); State v. Ammons, 105 Wash.2d 175, 189, 713 P.2d 719, 718 P.2d 796 (1986). "The question is not, however, whether the plea documents are facially invalid, but rather whether the judgment and sentence is invalid on its face." Hemenway, 147 Wash.2d at 533, 55 P.3d 615.
¶ 12 Here, Clark's judgment and sentence is not invalid on its face. Clark asserts that the judgment and sentence is invalid on its face because it contains a term of community custody that is not authorized by statute. However, the judgment and sentence, as originally written, did not include a term of community placement.[3] Additionally, after being amended, the judgment and sentence does not even make reference to community placement. Therefore, the judgment and sentence is consistent with former RCW 9.94A.120(9) (1997), the community placement statute in effect in 1998. Consequently, the judgment and sentence is not invalid on its face.
¶ 13 Clark argues that examination of his guilty plea reveals that he was improperly informed about the consequences of his plea, thus making the judgment and sentence invalid on its face. However, we have already disposed of this argument in Hemenway. Hemenway pleaded guilty to first degree child molestation. 147 Wash.2d at 530, 55 P.3d 615. The plea form did not inform him about community placement but did state that the judge might place him on community supervision. Id. At sentencing, the court imposed a sentence of confinement and 24 months in community placement. Id. at 531, 55 P.3d 615. The judgment and sentence provided that Hemenway serve a term of community placement "`for the period of time provided by law.'" Id. (quoting J. & Sentence at 4.7). More than one year later, Hemenway filed a PRP, claiming his guilty plea was involuntary because he was not informed that his sentence included mandatory community placement. Id. We held that Hemenway's judgment and sentence was valid on its face because it correctly reflected the law, and thus Hemenway's PRP was untimely. Id. at 532, 55 P.3d 615. We then rejected Hemenway's argument that because the plea form failed to inform him about the community placement, his plea was invalid on its face. Id. at 533, 55 P.3d 615. We reasoned that with regard to the timeliness of a PRP, the question was not whether the plea agreement was invalid on its face, but rather whether the judgment and sentence was invalid on its face. Id. We held that Hemenway's PRP was untimely.
¶ 14 Here, Clark's judgment and sentence correctly reflects the law. Even though Clark's plea agreement may be flawed, those flaws do not render his judgment and sentence facially invalid. Therefore, any problem in his plea agreement is insufficient to overcome the one year time limit of RCW 10.73.090(1).
¶ 15 Clark argues that the March 12, 1998, order amending his judgment and sentence is void because he was denied the due process rights of notice, an opportunity to be heard, and the right to counsel. However, even if the order were void, it would merely resurrect the original judgment and sentence, which is not facially invalid. Additionally, in order to determine whether the amending order is void, we must go beyond *160 the face of the judgment and sentence. There is no evidence of constitutional infirmity from the face of the judgment and sentence or the order amending it. Clark has provided an affidavit, some declarations, and other documentary evidence suggesting that his judgment and sentence was amended without a hearing. However, if Clark must resort to external documents in the hope of rendering his judgment and sentence invalid, then the judgment and sentence cannot be invalid on its face. Because this inquiry would require us to go beyond the face of the judgment and sentence, it cannot overcome the one year time limit imposed by RCW 10.73.090(1).[4]

IV. CONCLUSION
¶ 16 Clark had one year from when his judgment and sentence became final to bring a PRP. Instead, Clark's PRP was brought nine years after his judgment and sentence was entered. On its face, the judgment and sentence is consistent with the law. Therefore, Clark has failed to show that the one year time limit does not apply to him. Accordingly, we reverse the Court of Appeals and dismiss Clark's PRP as untimely.
WE CONCUR: MADSEN, C.J., OWENS, C. JOHNSON, ALEXANDER, J.M. JOHNSON, STEPHENS, CHAMBERS, JJ.
SANDERS, J. (dissenting).
¶ 17 Steven Clark's original judgment and sentence is invalid on its face, and the ex parte order modifying the judgment and sentence is also invalid on its face. As a result, Clark's personal restraint petition is timely. Because the majority's analysis to the contrary mischaracterizes the original judgment and sentence and the modification order, I dissent.
¶ 18 Under RCW 10.73.090(1) a prisoner is barred from filing a personal restraint petition to collaterally attack a judgment and sentence more than one year after the judgment becomes final unless it is invalid on its face. Here, Clark's original judgment and sentence is facially invalid because it contains a community placement provision that is not authorized for Clark's offense. See former RCW 9.94A.120(9) (1997); State v. Smissaert, 103 Wash.2d 636, 639, 694 P.2d 654 (1985) (a judgment and sentence outside the authority of the trial court is invalid).
¶ 19 The majority recognizes the trial court made an explicit finding that Clark's offense qualified for community placement: the trial court incorporated into the judgment and sentence "Appendix H Community Placement," which states: "The Court having found the defendant guilty of offense(s) qualifying for community placement. ..." However, the majority then determines this finding can be wholly ignored because the language of the community placement provisions includes a general list of offenses qualifying for community placement and Clark's offense is not included. Majority at 159 n. 3. But whether community placement applies is a determination by the trial court, not a post hoc interpretation of the judgment and sentence by the defendant, the Department of Corrections, or any other subsequent reader. The trial court expressly stated that Clark's offense qualified for community placement; that finding was erroneous and renders the judgment and sentence facially invalid.
¶ 20 Yet the majority persists in characterizing this error as no error at all. This *161 mischaracterization ignores that the trial court itself found it necessary to issue a subsequent order correcting this same error in the original judgment and sentence.
¶ 21 Undaunted, the majority then mischaracterizes this modification order as "merely remov[ing] section 4.7 and appendix H to avoid any confusion." Majority at 159 n. 3. The order does avoid the confusion caused by the trial court's error, but adding "merely" does not somehow minimize the fact that the trial court's order removed all reference to community placement, including the court's express finding that Clark's offense qualified for it. That is a substantial change to the judgment and sentence that affects the sentence he served; there is no legal basis to minimize or ignore the modification order simply because it stands in the way of the result the majority desires.
¶ 22 After mischaracterizing the modification order as unnecessary, the majority then incorporates the modification order by applying it to the original judgment and sentence to create a modified judgment and sentence.[1] Majority at 158-59. The majority then announces its new modified judgment and sentence does not violate former RCW 9.94A.120(9) because it makes no mention of community placement. Id. With this semantic sleight of hand, the majority denies Clark's personal restraint petition as untimely because the modification order corrects any potential error in the original judgment and sentence that would have rendered it invalid on its face.
¶ 23 However, the majority's modified judgment and sentence is itself invalid on its face, viewing the original judgment and sentence and modification order together. An order made pursuant to CrR 7.8(a) can modify only the judgment and sentence to the extent permitted by the rule. CrR 7.8(a) allows a court to correct clerical mistakes in judgments arising from oversight or omission. A clerical mistake exists when the language of a judgment does not correctly convey the intention of the court. See State v. Rooth, 129 Wash.App. 761, 770, 121 P.3d 755 (2005) (citing Presidential Estates Apartment Assocs. v. Barrett, 129 Wash.2d 320, 326, 917 P.2d 100 (1996)) (discussing the related inquiry of clerical mistakes under CR 60(a)). CrR 7.8(a) does not permit a court to "rethink the case" or "enter an amended judgment that does not find support in the trial court record." See Presidential Estates, 129 Wash.2d at 326, 917 P.2d 100.
¶ 24 The modification order here does not correct a clerical error in the original judgment and sentence because the trial court intended to sentence Clark to community placement. This is evident in the original judgment and sentence[2] in which the trial court: (1) did not strike out the community placement provision; (2) checked the box incorporating appendix H, which states Clark was guilty of an offense qualifying for community placement; (3) attached appendix H to the judgment and sentence, but did not attach other appendices that were not relevant to Clark or his offense; and (4) signed and dated appendix H. Intent is further demonstrated because the trial court adopted the community placement provision from the plea agreement; the provision was not unintentionally inserted into the judgment and sentence. The modification order, which is part of the majority's modified judgment and sentence, is invalid on its face.
¶ 25 The majority sidesteps the invalidity of the modification order because the CrR *162 7.8(a) issue was not raised on appeal. Majority at 160 n. 4. But since the original judgment and sentence was invalid on its face, there should have been no need to reach the issue of the validity of the modification order. Only because the majority created a nonexistent modified judgment and sentence from the modification order is the validity of the modification order at issue. This court has the power to raise an issue sua sponte when it is necessary to properly decide a case. RAP 12.1(b); Greengo v. Pub. Employees Mut. Ins. Co., 135 Wash.2d 799, 813, 959 P.2d 657 (1998). Once the majority created the modified judgment and sentence, putting the validity of the modification order at issue, it could have invited the parties to submit briefs on the CrR 7.8(a) clerical error issue. See RAP 12.1(b). But it didn't.
¶ 26 Because the original judgment and sentence and the modification order are both facially invalid, Clark's personal restraint petition is not barred by the one-year statute of limitations. See RCW 10.73.090(1).[3] Clark's petition should have been reviewed on its merits, and he should be permitted to withdraw his guilty plea.[4]
¶ 27 I respectfully dissent.
NOTES
[1] The plea agreement contained the following paragraph:

(k) In addition to confinement, the judge will sentence me to community placement for at least one year. During the period of community placement, I will be under the supervision of the Department of Corrections, and I will have restrictions placed on my activities. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge _____________.]
PRP, App. B at 5.
[2] The pertinent portion of the appendix read as follows:

The Court having found the defendant guilty of offense(s) qualifying for community placement, it is further ordered as set forth below. Community Placement: Defendant additionally is sentenced on convictions herein, for each sex offense and serious violent offense committed on or after 1 July 1990 to community placement for two years or up to the period of earned release awarded pursuant to RCW 9.94A.150(1) and (2) whichever is longer and on conviction herein for an offense categorized as a sex offense or a serious violent offense committed after July 1, 1988, but before July 1, 1990, assault in the second degree, any crime against a person where it is determined in accordance with RCW 9.94A.125 that the defendant or an accomplice was armed with a deadly weapon at the time of commission, or any felony offense under chapter 69.50 or 69.52 RCW, committed on or after July 1, 1988, to a one-year term of community placement.
Community placement is to begin either upon completion of the term of confinement or at such time as the defendant is transferred to community custody in lieu of early release.
PRP, App. A at 8.
[3] Community placement is referenced only at section 4.7 and appendix H of the original judgment and sentence. See PRP, App. A. Section 4.7 is boilerplate and orders community placement for sex offenses, serious violent offenses, second degree assault, and offenses involving a deadly weapon. Appendix H begins by saying that "[t]he Court having found the defendant guilty of offense(s) qualifying for community placement, it is further ordered as set forth below." Id. at 8. However, appendix H is conditioned similarly to section 4.7 and actually orders community placement only when the defendant is convicted of specific charges. Here, Clark was not convicted of an offense that triggered community custody by the terms of section 4.7 or appendix H. Therefore, the original judgment and sentence did not impose a term of community custody. The order modifying the judgment and sentence merely removed section 4.7 and appendix H to avoid any confusion. Therefore, even before it was amended, the judgment and sentence was not invalid on its face.
[4] For its conclusion that the order modifying the judgment and sentence is void, the dissent relies on an argument not raised by Clark. The dissent argues that the order modifying the judgment and sentence was made in excess of the trial court's authority under CrR 7.8(a). Dissent at 161-62. CrR 7.8(a) allows courts to correct clerical errors. Clerical errors occur when a judgment and sentence does not reflect the intent of the court. State v. Rooth, 129 Wash.App. 761, 770, 121 P.3d 755 (2005) (citing Presidential Estates Apartment Assocs. v. Barrett, 129 Wash.2d 320, 326, 917 P.2d 100 (1996)). However, a reviewing court looks to "`whether the judgment, as amended, embodies the trial court's intention, as expressed in the record at trial.'" Id. (emphasis added) (quoting Presidential, 129 Wash.2d at 326, 917 P.2d 100). While the plea agreement suggests that the error may not have been clerical, we would have to consult the trial court record to ultimately make that determination. Therefore, we would have to go beyond the face of the judgment and sentence. Also, if the order were void, that would merely resurrect the original judgment and sentence, which is not invalid on its face.
[1] The "modified judgment and sentence" is not an independent document; the trial court did not issue another judgment and sentence in connection with its modification order. The majority creates the modified judgment and sentence from the language that would result if the modifications in the modification order were made to the original judgment and sentence.
[2] One could argue the modification order itself is not facially invalid because its invalidity is only apparent when one views the original judgment and sentence. However, viewing the original judgment and sentence to analyze the facial validity of the modification order here is synonymous with viewing the plea agreement to determine the facial validity of a judgment and sentence. See In re Pers. Restraint of Hemenway, 147 Wash.2d 529, 532, 55 P.3d 615 (2002) ("documents signed as part of a plea agreement may be considered in determining facial invalidity when those documents are relevant in assessing the validity of the judgment and sentence"). Both circumstances involve reviewing the underlying documentation.
[3] Clark argues the modification order is void because the trial court issued it without providing him notice or an opportunity to be heard. See, e.g., Esmieu v. Schrag, 88 Wash.2d 490, 497, 563 P.2d 203 (1977); In re Marriage of Ebbighausen, 42 Wash.App. 99, 102, 708 P.2d 1220 (1985) (judgments and orders issued in violation of due process are void). Although due process would require some sort of equitable tolling under RCW 10.73.090(1) where a failure to provide notice left Clark unaware of the order at the time it was filed, Clark does not demonstrate or even allege that he did not know of the order until one year prior to filing this petition.
[4] CrR 4.2(f) allows a defendant to withdraw his guilty plea whenever it appears that the withdrawal is necessary to correct a manifest injustice. Manifest injustice occurs when a defendant receives misinformation about direct consequences of his or her sentence, resulting in an involuntary pleaeven when the corrected judgment and sentence results in a lower sentencing range. See State v. Walsh, 143 Wash.2d 1, 8-9, 17 P.3d 591 (2001) (citing State v. Miller, 110 Wash.2d 528, 756 P.2d 122 (1988)); State v. Mendoza, 157 Wash.2d 582, 587, 141 P.3d 49 (2006).

The State argues Clark is not entitled to withdraw his guilty plea because community placement could not have been material to his decision to plead guilty. However this court has previously declined to inquire into the materiality of sentencing consequences to a defendant because it would entail an inexact and indeterminate inquiry into a defendant's subjective decision to plead guilty. See In re Pers. Restraint of Isadore, 151 Wash.2d 294, 302, 88 P.3d 390 (2004).