IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 39017-9-III |
| | ) | |
| | ) | |
| | ) | |
| ALLAH ALLAH. | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

LAWRENCE-BERREY, A.C.J. — Allah Allah[1] petitions for relief from unlawful

restraint. He raises numerous claims and motions. We conclude that his arguments

challenging the facial validity of his 2015 judgment and sentence are timely, and we grant

his petition to that extent. We also conclude that Mr. Allah's various other claims and

motions are time barred because he does not argue that they fit within a statutory

exception to the time bar, and the claims are insufficiently focused for us to impute such

an argument. We deny his petition to that extent.

---

[1] Mr. Allah refers to himself as Allah© in his personal restraint petition and in his motions. He previously changed his name from Edwin Randal Coston to Allah, Allah Allah, and also to Divine Answer Born Supreme Allah. To remain consistent with the caption, we refer to him as "Mr. Allah."

No. 39017-9-III
*PRP of Allah Allah*

FACTS

In 2015, a jury convicted Mr. Allah of second degree assault.[2]  On August 21, 2015, the superior court sentenced him to 55 months' confinement.  The sentence was based on an offender score of 7 with a standard sentencing range of 43-57 months.  His offender score was based in part on two earlier controlled substance convictions.  The first conviction was for possession with intent to manufacture and deliver cocaine in violation of former RCW 69.50.401(a)(1)(i) (1998).[3]  The second conviction was for simple possession of cocaine in violation of former RCW 69.50.401(d).[4]  Mr. Allah untimely appealed his 2015 conviction.  We dismissed his appeal and issued the mandate on August 24, 2017.  His judgment and sentence became final on that date.

In February 2021, our Supreme Court decided *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).  *Blake* holds that Washington's then-existing statute criminalizing simple possession of controlled substances, RCW 69.50.4013, was unconstitutional and void.  *Id.* at 195.

---

[2] Franklin County Superior Court No. 12-1-50324-8.

[3] King County Superior Court No. 01-1-09176-6 SEA.

[4] King County Superior Court No. 01-1-10807-3 SEA.

In March 2022, the Washington State Office of Public Defense notified Mr. Allah that he was eligible to be resentenced under *Blake*. The letter informed Mr. Allah that the simple possession offense may be affecting the length of his sentence for his second degree assault conviction.

Two months later, the State filed a motion and proposed order vacating and dismissing Mr. Allah's judgment and sentence for possession-only offenses pursuant to *Blake*. The superior court granted the State's motion and entered an order vacating Mr. Allah's conviction for simple possession of cocaine. Soon after, the Washington State Penitentiary informed Mr. Allah of the vacated conviction but that there was no change to his estimated release date. On June 24, 2022, Mr. Allah filed the instant personal restraint petition.

## ANALYSIS

RCW 10.73.090(1) places a one-year limit on collateral attacks of a facially valid criminal judgment and sentence rendered by a court of competent jurisdiction. Because only a facially valid judgment and sentence is subject to this time bar, a challenge to the facial validity of the judgment and sentence can be brought at any time. *In re Pers. Restraint of Clark*, 168 Wn.2d 581, 585, 230 P.3d 156 (2010). Similarly, because only a judgment and sentence entered by a court of competent jurisdiction is subject to this time

bar, a challenge to the trial court's jurisdiction may be brought at any time.

*In re Pers. Restraint of Dalluge*, 152 Wn.2d 772, 779, 100 P.3d 279 (2004). In

addition, RCW 10.73.100 lists six exceptions to the time bar.

Mr. Allah filed his petition nearly five years after his 2015 judgment and sentence

became final. His claims are barred as untimely unless they challenge the facial validity

of that judgment and sentence, the trial court's jurisdiction, or involve one of the six

exceptions to the time bar.

*Facial invalidity of 2015 judgment and sentence*

Mr. Allah raises several claims in his petition. Some request resentencing of his

2015 conviction due to his offender score containing prior drug-related convictions. He

argues he is entitled to be resentenced for his 2015 conviction because his drug-related

convictions were held to be unconstitutional in *Blake*.

It is well settled that a prior conviction that is constitutionally invalid may not be

considered in a defendant's offender score. *State v. Ammons*, 105 Wn.2d 175, 187-88,

713 P.2d 719, 718 P.2d 796 (1986). If Mr. Allah's offender score includes an

unconstitutional conviction, the judgment and sentence is facially invalid. *See Clark*, 168

Wn.2d at 585 (a judgment and sentence is facially invalid if, without further elaboration,

it evidences an error). Mr. Allah's arguments related to his 2015 offender score are therefore timely and we will address them.

Mr. Allah has two controlled substance convictions that were used to calculate his 2015 offender score. Only one was invalidated by *Blake.* The State concedes, and we agree, Mr. Allah's conviction for simple possession is unconstitutional, and he is entitled to be resentenced without consideration of that conviction.

Mr. Allah's second controlled substance conviction, for possession of cocaine with intent to manufacture or deliver in violation of former RCW 69.50.401(a)(1)(i) is unaffected by *Blake*. *Blake* invalidated only strict liability possession crimes without an intent element and not possession crimes that retained an intent element. *See Blake*, 197 Wn.2d at 183-96.

*Other claims and motions*

Mr. Allah raises various other claims in his petition. In addition, he has filed five motions requesting various forms of relief. We will treat these motions as supplemental claims appended to his petition. These various claims and motions relate either to the 2015 conviction or to much older convictions.

Mr. Allah fails to explain how any of his claims are timely. An appellate court may dismiss claims raised in a petition for collateral attack filed more than one year after

the judgment and sentence became final if the petitioner does not argue to the court that the claims fit within a statutory exception to the time bar and the claims are insufficiently focused to impute such an argument to the petitioner. *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 350, 5 P.3d 1240 (2000). For this reason, we deny all of Mr. Allah's various other claims, including his motions, as time barred.

## CONCLUSION

We remand to the superior court for it to resentence Mr. Allah using a correct offender score that reflects his vacated simple possession conviction. His conviction for possession with intent to manufacture or deliver cocaine is unaffected. We deny all other claims.

Grant petition in part; deny petition in part.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Fearing, J.

Pennell, J.