# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59514-1-II |
| Respondent, | |
| v. | |
| AARON DREW INGALSBE, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, C.J.—Aaron Drew Ingalsbe appeals his judgment and sentence. He argues that the trial court abused its discretion by failing to consider forgoing restitution interest under RCW 10.82.090(2).[1] Ingalsbe also argues that the judgment and sentence contains a clerical error. The State argues that we should decline to consider this issue because it was not raised at the trial court, as is required, and because Ingalsbe can seek waiver of his restitution interest pursuant to RCW 10.82.090(3) after he is released from custody. The State concedes that the judgment and sentence contains a clerical error but argues that the proper procedure is for Ingalsbe to file a motion with the superior court pursuant to CrR 7.8(a) to amend the judgment and sentence.

---

[1] RCW 10.82.090 was amended in 2023. Because this amendment does not impact our analysis, we cite to the current version of the statute. LAWS OF 2023, ch. 449, § 13.

We remand for the trial court to amend the judgment and sentence to correct the clerical error. On remand, Ingalsbe may ask the trial court to consider not imposing restitution interest pursuant to RCW 10.82.090(2).

FACTS

Aaron Ingalsbe drove his car at a high rate of speed while under the influence of intoxicants and caused a collision with a truck driven by Rex Belden. Following the collision, Ingalsbe fled the scene but later met with the police for the purpose of reporting that his car was stolen. Ingalsbe's report that his car was stolen was false. The collision caused serious injuries to Belden and severe damage to Belden's truck. Following a bench trial, Ingalsbe was convicted of vehicular assault pursuant to RCW 46.61.522(1)(a) and (b), driving while under the influence, reckless driving, felony hit and run, and false reporting in the third degree.

At sentencing, Ingalsbe told the court that he was eager to begin paying restitution to Belden after release. At the sentencing hearing, Ingalsbe's counsel expressed that Ingalsbe wished to "help Mr. Beldin [sic] to put his life back together" after his release from prison. Verbatim Rep. of Proc. (Nov. 9, 2023) at 207.

The court dismissed the DUI and reckless driving charges, concluding that they merged with the vehicular assault charge. The court found Ingalsbe "indigent for sentencing purposes." *Id.* at 216. In the judgment and sentence, the court checked the boxes indicating that Ingalsbe is indigent because he "receives an annual income, after taxes, of 125 percent or less of the current federal poverty level." Clerk's Papers at 51. The court did not impose any fines or costs at sentencing. The court set over the imposition of restitution until after a hearing on the amount. On

the judgment and sentence, the court checked the box imposing restitution interest commencing on the date of the judgment.

After a hearing, the court determined restitution was owed in the amount of $123,562.12, which included restitution for Belden's medical expenses, damage to vehicles, and damage to Belden's garage door. Ingalsbe did not ask the trial court, either at sentencing or at the restitution hearing, to forego restitution interest pursuant to RCW 10.82.090(2).

Ingalsbe appeals his judgment and sentence.

## DISCUSSION

### I. IMPOSITION OF RESTITUTION INTEREST

Ingalsbe argues that the trial court abused its discretion when it "failed to exercise its relatively new discretion to consider whether to waive interest on Mr. Ingalsbe's restitution." Br. of Appellant at 8. The State argues because Ingalsbe did not ask the trial court to consider not imposing interest on his restitution, he did not preserve his claim for appeal and we should not consider it. The State also points out that Ingalsbe failed to provide the trial court with the information necessary to conduct the fact-intensive inquiry required by the statute.

We reach the issue to demonstrate that this is a claim that must be brought in the trial court and to clarify that the trial court is not required to, *sua sponte*, consider not imposing restitution interest at sentencing in the absence of a request from a defendant.

### A. LEGAL PRINCIPLES

Washington courts may refrain from imposing interest on restitution. RCW 10.82.090(2). This statute, which went into effect on January 1, 2023, provides:

> The court may elect not to impose interest on any restitution the court orders. Before determining not to impose interest on restitution, the court shall inquire into and

consider the following factors: (a) Whether the offender is indigent as defined in RCW 10.101.010(3) or general rule 34; (b) the offender's available funds, as defined in RCW 10.101.010(2), and other liabilities including child support and other legal financial obligations; (c) whether the offender is homeless; and (d) whether the offender is mentally ill, as defined in RCW 71.24.025. The court shall also consider the victim's input, if any, as it relates to any financial hardship caused to the victim if interest is not imposed. The court may also consider any other information that the court believes, in the interest of justice, relates to not imposing interest on restitution. After consideration of these factors, the court may waive the imposition of restitution interest.

LAWS OF 2022, ch. 260, §12.[2]

Subsection (3) of RCW 10.82.090 allows the trial court, on motion of the defendant, to waive restitution interest that was imposed in the judgment in the following circumstances:

(b) The court may waive or reduce interest on the restitution portion of the legal financial obligations only if the principal has been paid in full, except as provided in (c) of this subsection. The court may grant the motion, establish a payment schedule, and retain jurisdiction over the offender for purposes of reviewing and revising the reduction or waiver of interest;

(c) The court may, following the offender's release from total confinement, waive or reduce interest on restitution that accrued during the offender's period of incarceration if the court finds that the offender does not have the current or likely future ability to pay. A person does not have the current ability to pay if the person is indigent as defined in RCW 10.01.160(3). The prosecuting attorney shall make reasonable efforts to notify the victim entitled to restitution of the date and place of the hearing. The court shall also consider the victim's input, if any, as it relates to any financial hardship caused to the victim if interest is reduced or waived.

RAP 2.5(a) provides that the appellate court may decline to review any claim of error that was not raised in the trial court. Even after *State v. Blazina*, the appellate court retains the discretion not to address challenges to LFOs for the first time on appeal. 182 Wn.2d 827, 830, 344 P.3d 680 (2015).

---

[2] Prior to this statute, a sentencing court was required to impose restitution interest. Former RCW 10.82.090 (2018).

B. APPLICATION

Under RAP 2.5(a) and *Blazina*, we are not required to hear the issue of restitution interest on appeal because Ingalsbe did not raise restitution interest in the superior court. Moreover, the legislature's unique wording in RCW 10.82.090(2) suggests that a request for relief in this subsection *must* be raised in the trial court. The factual analysis that must be performed by the trial court, particularly the requirement that the victim be given an opportunity to address the court and the requirement that the trial court take that input, if any, into account, cannot be performed by the appellate court for the first time on appeal. At best, the appellate court can reverse a trial court that abuses its discretion in failing to consider a request by a defendant to not impose interest on restitution. We take this opportunity to clarify the defendant's and the trial court's responsibilities under section .090(2), as well as the differences between a defendant's request to the trial court not to impose restitution interest under RCW 10.82.090(2) and a request to *waive* or reduce restitution interest under RCW 10.82.090(3)(b) or (c).

Ingalsbe argues that the superior court abused its discretion by requiring that he pay interest on restitution without conducting an RCW 10.82.090(2) analysis. In his opening brief, Ingalsbe quotes the Washington Supreme Court's holding that a lower court's " 'failure to exercise discretion is itself an abuse of discretion subject to reversal.' " Br. of Appellant at 10. (quoting *State v. O'Dell*, 183 Wn.2d 680, 697, 358 P.3d 359 (2015)). He asks us to remand for the trial court to consider whether to impose restitution interest using the RCW 10.82.090(2) factors.

But Ingalsbe did not ask the trial court to consider not imposing restitution under RCW 10.82.090(2). Implicit in Ingalsbe's argument is the suggestion that a trial court must, sua sponte, conduct an analysis under RCW 10.82.090(2). Such an analysis would include the trial court

seeking out information about the defendant's residential status, any child support obligations, and any mental illness the defendant might be suffering, as well as seeking out the input of the victim (which the statute requires). Ingalsbe cites no authority for this contention. We further note that although a trial court may conduct a reasonable inquiry in determining a proper sentence, it may not conduct its own investigation into the defendant's circumstances. *State v. Balkin*, 48 Wn. App. 1, 4, 737 P.2d 1035 (1987).

By claiming that the trial court must use its discretion to avoid abusing it, Ingalsbe misunderstands the court's responsibility. A court is only required to consider the enumerated factors under section .090(2) if a defendant asks it *not* to impose restitution interest. RCW 10.82.090(2) ("The court may elect not to impose interest on any restitution the court orders. Before determining not to impose interest on restitution, the court shall inquire."). In other words, the superior court had the discretion to impose restitution interest and was not required to consider the statutory factors before doing so.[3]

Additionally, the superior court did not abuse its discretion because it could not have exercised its option not to impose interest in the absence of any facts provided by Ingalsbe addressing the factors the trial court is required to consider. In his reply brief, Ingalsbe implicitly acknowledges that he did not put forth any facts to the trial court that would have enabled the trial court to consider foregoing interest on restitution. Rather, he falls back on his request that we simply remand this matter to the trial court with instructions to consider a request that, to date,

---

[3] This is consistent with the reasoning from *State v. Nelson*, No. 58688-6-II, slip op. at 9-10 (Wash. Ct. App. Aug. 13, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2058688-6-II%20Unpublished%20Opinion.pdf. As in Ingalsbe's case, the trial court determined that Nelson was indigent at sentencing and imposed interest on restitution.

Ingalsbe has not made in that court. Ingalsbe ignores that we are an error correcting court, not an extension of the trial court.[4]

Ingalsbe asserts that we should remand to the trial court for consideration of the RCW 10.82.090(2) factors as we did in *State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023), *review granted*, 4 Wn.3d 1009, 564 P.3d 547 (2025). Ingalsbe misreads *Ellis*. The trial court resentenced Ellis in 2021. *Ellis*, 27 Wn. App. 2d at 7. In between Ellis' resentencing and the consideration of his case at this court, the legislative amendment at issue here was passed by the legislature and took effect. *Id.* at 15-16. Because Ellis' sentence was not yet final, we held that on remand the trial court consider Ellis' request under RCW 10.82.090(2) that interest on restitution not be imposed because that relief had not been available to him at the time of his resentencing. *Id.* at 16.

Finally, the State argues that we need not remand to the superior court because Ingalsbe may petition the court for a waiver of his restitution interest after his release. RCW 10.82.090(3)(c). However, this does not address Ingalsbe's assignment of error and overlooks that relief under RCW 10.82.090(3)(c) requires an entirely different showing by a defendant (chief among them, that the offender has paid the entire restitution principal prior to entitlement to relief). Although we find no error by the trial court, we disagree with the State's implicit contention that, assuming this issue is preserved, it cannot be raised in a direct appeal because an alternative

---

[4] The State implied in its brief that Ingalsbe invited the error by asking for a shorter sentence so he could start paying restitution sooner. Ingalsbe, in response, correctly notes that a party may only invite error through " 'an affirmative, knowing, and voluntary act.' " Reply Br. of Appellant at 3-4 (quoting *State v. Tatum*, 23 Wn. App. 2d 123, 128, 514 P.3d 763 (2022)). We decline to conclude that Ingalsbe invited error, because his failure to request that the superior court impose no restitution interest is an omission, not an affirmative act.

remedy exists. However, as we explain below, because we remand this case to the trial court for correction of a clerical error, Ingalsbe may ask the trial court consider not imposing restitution interest pursuant to RCW 10.82.090(2).

## II. CORRECTING THE CLERICAL ERROR

Ingalsbe asserts that the trial court made a clerical error in its judgment and sentence and asks us to remand for the trial court to correct the error. The State concedes the clerical error but argues that Ingalsbe's remedy should be limited to filing a post-conviction motion with the trial court under CrR 7.8(a) to correct the judgment and sentence. We disagree.

### A. LEGAL PRINCIPLES

An error in a judgment and sentence is clerical if it does not reflect the court's intent " 'as expressed in the record at trial.' " *In re Pers. Restraint of Clark*, 168 Wn.2d 581, 588 n.4, 230 P.3d 156 (2010) (internal quotation marks omitted) (quoting *State v. Rooth*, 129 Wn. App. 761, 770, 121 P.3d 755 (2005)). When such an error exists, the appellate court should remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016).[5]

### B. APPLICATION

Subsections (a) through (c) of RCW 46.61.522(1) detail the different ways one could commit vehicular assault: "while driving a vehicle (a) in a reckless manner, (b) under the influence of alcohol or drugs, or (c) with disregard for the safety of others." Br. of Appellant at 10-11 (citing RCW 46.61.522(1)(a)-(c)). Ingalsbe's judgment and sentence indicates that he has been convicted

---

[5] *Makekau* does not hold that remand is the only remedy for a clerical error. However, this court cited *Makekau* in *State v. Bryan*, No. 57724-1-II, slip op. at 2 (Wash. Ct. App. Jan. 30, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2057724-1-II%20Unpublished%20Opinion.pdf, when it concluded that the appropriate remedy for a clerical error is remand.

of vehicular assault under RCW 46.61.522(1)(a), (b), and (c). However, the superior court stated in its conclusions of law that Ingalsbe is guilty under RCW 46.61.522(1)(a) and (b). Ingalsbe claims on appeal that the inclusion of subsection (c) in his judgment and sentence is a clerical error.

The State concedes the clerical error in Ingalsbe's judgment and sentence. But rather than concede that remand for correction of this clerical error is required, the State instead argues that Ingalsbe should file a CrR 7.8(a) motion with the trial court to correct the judgment and sentence. We disagree. Ingalsbe properly raised this issue in this appeal and there is no basis to add an additional procedural hurdle in order for him to obtain relief. *See Makekau*, 194 Wn. App. at 421.

We remand Ingalsbe's judgment and sentence to the trial court for correction of the clerical error. Because Ingalsbe's judgment and sentence is remanded to the trial court for correction, the trial court is free on remand to entertain a motion from Ingalsbe to forego imposing interest on his restitution under RCW 10.82.090(2).

## CONCLUSION

The trial court did not abuse its discretion by not considering the factors under RCW 10.82.090(2) related to interest on restitution because Ingalsbe did not ask the trial court to forego the imposition of restitution interest. The trial court is required to assess the factors under RCW 10.82.090(2) only when expressly asked to. However, because Ingalsbe's judgment and sentence is remanded to the trial court for correction of a clerical error, the trial court is permitted on remand to entertain a motion from Ingalsbe, should he file one, to consider foregoing the imposition of restitution interest. We remand this matter to the trial court for correction of the clerical error on his judgment and sentence.

No. 59514-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
CRUSER, C.J.

We concur:

_____
MAXA, J.

_____
VELJACIC, J.