IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No. 39631-2-III |
| | ) | |
| GREGORIO ALANIZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

COONEY, J. — Gregorio Alaniz pleaded guilty to first degree rape of a child in 2012. In this personal restraint petition (PRP), Mr. Alaniz contends that many of the community custody conditions contained in the judgment and sentence are either not crime related or are unconstitutional. We remand for the trial court to amend conditions 9, 13, 15, 20, and 29. We further conclude that Mr. Alaniz's challenges to conditions 4, 5, 18, 27, and 28 either fail or are time barred.

BACKGROUND

Mr. Alaniz was charged with first degree rape of a child in 2012. Mr. Alaniz later pleaded guilty and was sentenced to 93 months to life in prison. Appendix F to the judgment and sentence, dated December 6, 2012, imposed 34 conditions of community custody.

On April 6, 2023, Mr. Alaniz filed this PRP to challenge the following conditions:

The defendant shall comply with the following conditions during the term of supervision:

. . . .

4. Not unlawfully possess controlled substances.  Submit to random urinalysis testing.
5. Pay supervision fees as determined by the Department of Corrections.

. . . .

9. Remain within geographic boundary, as set forth in writing by the Community Corrections Officer [(CCO)].

. . . .

13. Submit to a polygraph and/or plethysmograph testing upon the request of your therapist and/or [CCO], at your own expense.

. . . .

15. Avoid places where children congregate, including parks, libraries, playgrounds, schools, daycare centers and sporting events.

. . . .

18. Do not attend X-Rated movies, peep shows or adult books stores.

. . . .

20. Immediately notify your [CCO] or therapist of any romantic or sexual relations you are involved with to verify there is no access to minor aged children.

. . . .

27. Do not purchase, possess or use alcohol (beverage or medicinal). Submit to random breathalyzers.
28. Do not enter any business where alcohol is the primary commodity for sale.
29. Submit to searches of your person, residence and vehicle by a [CCO] to monitor compliance.

PRP of Alaniz at 17-18; Resp. to PRP App. A at 35-36.

ANALYSIS

Mr. Alaniz argues that many of his community custody conditions are either unconstitutional or not crime related.  The State contends that most of Mr. Alaniz's

2

community custody condition challenges are time barred and Mr. Alaniz has failed to cite any exception to the time bar limitations. We conclude that some of Mr. Alaniz's claims are time barred but remand for the trial court to amend conditions 9, 13, 15, 20, and 29.

A collateral attack is "any form of postconviction relief other than a direct appeal." RCW 10.73.090(2). Pursuant to RCW 10.73.090(1), a defendant may not collaterally attack their judgment and sentence "more than one year after the judgment becomes final if the judgment and sentence is valid on its face." However, RCW 10.73.100 lists six exceptions to the one-year time bar. Unless a petitioner can show that the judgment and sentence is facially invalid or one of the exceptions in RCW 10.73.100 applies, a collateral attack is time barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

Mr. Alaniz does not claim that any of the exceptions in RCW 10.73.100 apply, but instead argues that the community custody conditions imposed on him are facially invalid. A judgment and sentence is facially invalid if the trial court imposes a sentence not authorized by the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 767, 297 P.3d 51 (2013). A facial invalidity exists when the trial court "exercised power that it did not have, most typically by exceeding its substantive or statutory authority." *State v. Fletcher*, 19 Wn. App. 2d 566, 573, 497 P.3d 886 (2021).

3

Further, a judgment and sentence is facially invalid only if the alleged error is evident on the face of the judgment and sentence without further elaboration. *Id.* If an individual must rely on external documents to show invalidity, the judgment and sentence is not facially invalid. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 139-41, 267 P.3d 324 (2011).

When a PRP raises some claims that fall within one of the exceptions to the one-year time bar in RCW 10.73.100, but raises other claims that are time barred, the PRP is a "'mixed petition'" that must be dismissed. *In re Pers. Restraint of Young*, 21 Wn. App. 2d 826, 830, 508 P.3d 687, *rev. denied*, 199 Wn.2d 1030, 535 P.3d 855 (2022). However, this rule does not preclude consideration of claims that allege the judgment and sentence is facially invalid. *In re Pers. Restraint of Williams*, 200 Wn.2d 622, 632, 520 P.3d 933 (2022).

Mr. Alaniz argues that some of his community custody conditions should be struck or modified because they are either not crime related or are unconstitutional.

CRIME-RELATED CONDITIONS – CONDITIONS 18, 27, AND 28

Mr. Alaniz argues that some of the conditions imposed on him are not crime related, namely, conditions 18, 27, and 28.[1] Mr. Alaniz's challenge to conditions 18 and

---

[1] Mr. Alaniz argues that some other conditions, in addition to being unconstitutional, are also not crime related. Those crime-related arguments are addressed below along with his constitutional claims as to those conditions.

4

28 is time barred. Further, condition 27 is statutorily authorized and does not need to be crime related to be valid.

Condition 27 states, "Do not purchase, possess or use alcohol (beverage or medicinal). Submit to random breathalyzers." PRP of Alaniz at 18. Mr. Alaniz argues this condition is not crime related. However, RCW 9.94A.703(3)(e) authorizes a trial court to impose a condition that requires an offender to "[r]efrain from possessing or consuming alcohol." Therefore, there is no requirement that condition 27 be crime related.

Condition 18 states, "Do not attend X-Rated movies, peep shows or adult book stores." PRP of Alaniz at 18. Mr. Alaniz argues that entering into a sex-related business is insufficiently related to the circumstances of his crime and the record does not indicate that entering into a sex-related business had anything to do with his crime. Similarly, condition 28 states, "Do not enter any business where alcohol is the primary commodity for sale." PRP of Alaniz at 18. Mr. Alaniz argues that this condition also has no relation to his crime.

RCW 9.94A.703(3)(f) permits the trial court to require an offender "[c]omply with any crime-related prohibitions." A crime-related prohibition must "directly relate[ ] to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). There must be "'some basis'" for connecting the condition to the defendant's crime. *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 684, 425 P.3d 847 (2018)

5

(quoting *State v. Irwin*, 191 Wn. App. 644, 657, 364 P.3d 830 (2015)).  The court's

determination that a community custody condition is crime related is discretionary and a

court does not abuse its discretion when there is a reasonable relationship between the

defendant's crime and the condition.  *Id*. at 683-84.

It is impossible to determine whether or not conditions 18 or 28 are crime related

without conducting a fact specific inquiry into the details underpinning Mr. Alaniz's

conviction.  Thus, because we must look to external documents beyond the judgment and

sentence, the judgment and sentence is not facially invalid.  Therefore, these claims are

time barred.

CONDITION 13 – SUBMIT TO POLYGRAPH OR PLETHYSMOGRAPH

Mr. Alaniz argues that condition 13, which states, "Submit to polygraph and/or

plethysmograph testing upon the request of your therapist and/or Community Corrections

Officer, at your own expense," is unconstitutionally vague and an abuse of discretion.

PRP of Alaniz at 18.  We agree that the trial court exceeded its authority by imposing

plethysmograph testing outside of treatment purposes.  We disagree that the condition

requiring Mr. Alaniz to submit to polygraph testing is unconstitutionally vague or must

be limited to monitoring treatment compliance.

A court has authority to order a defendant to submit to plethysmograph testing as

part of a sexual deviancy treatment program.  *State v. Riles*, 135 Wn.2d 326, 345, 957

P.2d 655 (1998), *abrogated in part on other grounds*, *State v. Valencia*, 169 Wn.2d 782,

239 P.3d 1059 (2010). However, plethysmograph testing cannot be ordered outside of the context of treatment or for monitoring generally. *Id.* at 352. Here, plethysmograph testing may be ordered by Mr. Alaniz's CCO. The trial court exceeded its authority in not limiting the testing to compliance with sexual deviancy treatment. The inclusion of this condition is a facially invalid defect on the judgment and sentence, and Mr. Alaniz's challenge to it is not time barred. Because of this facial invalidity, the PRP is not a mixed petition even though some of Mr. Alaniz's claims are time barred. *Williams*, 200 Wn.2d at 632. We remand for the trial court to clarify the scope of plethysmograph testing.

Concerning Mr. Alaniz's challenge to polygraph testing, Washington courts have consistently found polygraph testing constitutional as a tool to monitor compliance with the requirement of making reasonable progress in treatment or with special conditions of community supervision. *State v. Combs*, 102 Wn. App. 949, 952, 10 P.3d 1101 (2000).

In *Combs*, the trial court ordered unlimited polygraph testing in order to monitor Mr. Combs' compliance with his conditions of community placement. In *Combs*, we concluded "that the language of Mr. Combs's judgment and sentence, taken as a whole, impliedly limits the scope of polygraph testing to monitor only his compliance with the community placement order and not as a fishing expedition to discover evidence of other crimes, past or present." *Id.* at 952-53. In reaching this holding, we found persuasive the holding in *Riles* that "although the challenged portion of the community placement order did not expressly limit the scope of the polygraph testing, a sufficient limitation was

7

implicitly imposed, considering the context of the entire order." *Id*. at 952 (citing *State v. Riles*, 86 Wn. App. 10, 16-17, 936 P.2d 11 (1997), *aff'd*, 135 Wn.2d 326, 957 P.2d 655 (1998)).

Similarly, here, given the language used and the vast conditions imposed, we can infer that the polygraph testing is limited to monitoring Mr. Alaniz's compliance with the requirement that he make reasonable progress in treatment and comply with the other conditions of community custody. The polygraph testing condition is not unconstitutionally vague nor was the imposition an abuse of the trial court's discretion.

On remand, the trial court is directed to clarify that the CCO's scope of authority is limited to ordering plethysmograph testing for the purposes of sexual deviancy treatment. *State v. Johnson*, 184 Wn. App. 777, 781, 340 P.3d 230 (2014). While the language of the polygraph condition impliedly limits the testing to community custody purposes, since we are remanding for the court to clarify the scope of plethysmograph testing, we encourage it to also clarify the scope of polygraph testing.

CONDITION 20 – ROMANTIC RELATIONSHIPS

Mr. Alaniz argues that condition 20 is unconstitutionally vague. Condition 20 states, "Immediately notify your Community Corrections Officer or therapist of any romantic or sexual relations you are involved with to verify there is no access to minor aged children." PRP of Alaniz at 18. The State concedes Mr. Alaniz's challenge.

Because this challenge concerns a facially invalid defect on Mr. Alaniz's judgment and sentence, the PRP is not a mixed petition.

This court has held that the phrase "romantic relationship" used in a community custody condition is unconstitutionally vague. *State v. Peters*, 10 Wn. App. 2d 574, 590, 455 P.3d 141 (2019). We further concluded that amending "'romantic relationship[ ]'" to "'dating relationship'" resolved any vagueness concerns. *Id*. Here, the State proposes amending the condition to read "dating" instead of "romantic." In following our holding in *Peters*, we remand for the trial court to strike the word "romantic" and replace it with the word "dating."

CONDITION 29 – SUBMIT TO SEARCHES

Mr. Alaniz argues that condition 29 is unconstitutionally overbroad as written. Condition 29 states, "Submit to searches of your person, residence and vehicle by a Community Corrections Officer to monitor compliance." PRP of Alaniz at 18. The State concedes and agrees with Mr. Alaniz's proposed language that creates a prerequisite to a search.

Generally, warrantless searches are per se unreasonable. *State v. Ladson*, 138 Wn.2d 343, 349, 979 P.2d 833 (1999). However, there are some "'carefully drawn exceptions.'" *State v. Cornwell*, 190 Wn.2d 296, 301, 412 P.3d 1265 (2018) (quoting *Ladson*, 138 Wn.2d at 349). Offenders on community custody are not entitled to the full protection of article I, section 7 of the Washington Constitution because they are persons

that a court has sentenced to confinement but who are "'serving their time outside the prison walls.'" *Id*. (quoting *State v. Olsen*, 189 Wn.2d 118, 124-25, 399 P.3d 1141 (2017)). Thus, "it is constitutionally permissible for a CCO to search an individual based only on a 'well-founded or reasonable suspicion of a probation violation,' rather than a warrant supported by probable cause." *Id.* at 302 (quoting *State v. Winterstein*, 167 Wn.2d 620, 628, 220 P.3d 1226 (2009)).

This exception is codified at RCW 9.94A.631(1), which states, "If there is reasonable cause to believe that an offender has violated a condition or requirement of the sentence, a community corrections officer may require an offender to submit to a search and seizure of the offender's person, residence, automobile, or other personal property." A CCO "must have 'reasonable cause to believe' a probation violation has occurred before conducting a search at the expense of the individual's privacy." *Cornwell*, 190 Wn.2d at 304 (quoting RCW 9.94A.631(1)). Further, the offender's "privacy interest is diminished only to the extent necessary for the State to monitor compliance with the particular probation condition that gave rise to the search." *Id.*

Mr. Alaniz suggests that condition 29 be amended to read: "You must submit to a search of your person, residence, vehicle and/or possessions, *only on a well founded suspicion of a probation violation*." PRP of Alaniz at 14 (emphasis added). The State agrees with Mr. Alaniz's recommendation. We remand for the trial court to amend the language of condition 29 to allow searches that are grounded on a well-founded suspicion

of a probation violation. This is another facially invalid defect on Mr. Alaniz's judgment

and sentence, thus is not time barred.

CONDITION 4 – UNLAWFUL POSSESSION OF CONTROLLED SUBSTANCES AND
URINALYSIS TESTING[2]

Mr. Alaniz challenges the condition prohibiting him from "unlawfully

possess[ing] controlled substances" and requiring him to "[s]ubmit to random urinalysis

testing." PRP of Alaniz at 17. Mr. Alaniz argues that the condition violates article I,

section 7 of the Washington State Constitution and "is without just cause." PRP of

Alaniz at 4. We disagree.

The court had authority to impose the condition. RCW 9.94A.703(2)(c) authorizes

the court to require that an offender "[r]efrain from possessing or consuming controlled

substances except pursuant to lawfully issued prescriptions." Further, "the trial court's

imposition of random urinalysis/PBT/BAC tests to ensure compliance with its conditions

does not constitute an abuse of discretion." *State v. Vant*, 145 Wn. App. 592, 604, 186

P.3d 1149 (2008). Thus, the random urinalysis testing is a valid condition to monitor Mr.

---

[2] Mr. Alaniz's analysis on this constitutional claim is lacking. "'[N]aked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'" *In re Request of Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986) (quoting *United States v. Phillips*, 433 F.2d 1364, 1366 (8th Cir. 1970)).

Alaniz's compliance with the prohibition on illegal controlled substance use. Further, it is narrowly tailored for that purpose and therefore passes constitutional muster.[3]

CONDITION 5 – DEPARTMENT OF CORRECTIONS' [DOC] SUPERVISION FEES

Mr. Alaniz challenges the condition requiring him to "Pay supervision fees as determined by the Department of Corrections." PRP of Alaniz at 17. Mr. Alaniz first contends that he is indigent and that Second Substitute H.B. 1818, 67th Leg., Reg. Sess. (Wash. 2022), now prohibits the imposition of DOC supervision fees on indigent defendants. Secondly, Mr. Alaniz posits the trial court did not intend to impose the DOC supervision fee as evidenced by the court's waiver of other discretionary costs and the fact the DOC supervision fee paragraph was buried in a separate form. Because Mr. Alaniz does not advance a facial invalidity argument, each of his challenges are time barred.

Former RCW 9.94A.703(2)(d) (2009), in effect when Mr. Alaniz was sentenced, provided that "[u]nless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the department." H.B. 1818 struck the language allowing a court to impose DOC supervision fees from the statute and RCW 9.94A.703 (2022) now reflects that change.

---

[3] *In re Pers. Restraint of Huezo* came to a similar conclusion on this issue. No. 38697-0-III, at 12-13 (Wash. Ct. App., June 29, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/386970_unp.pdf.

One exception to the one-year PRP time bar is a "significant change in the law" that is "material to the . . . sentence" and a court determines that "sufficient reasons exist to require retroactive application" of the change in the law. RCW 10.73.100(6). However, as discussed at the outset, Mr. Alaniz does not argue that any exception to the one-year time bar applies. Thus, his challenge to condition 5 is time barred.

CONDITION 9 – REMAIN WITHIN GEOGRAPHIC BOUNDARY

Mr. Alaniz contends that condition 9, which states, "Remain within geographic boundary, as set forth in writing by the Community Corrections Officer," violates his right to travel under the First Amendment to the United States Constitution is unconstitutionally vague, or was an abuse of discretion because it is not crime related. PRP of Alaniz at 17. We disagree the condition violates his First Amendment right to travel, but agree it is unconstitutionally vague.

RCW 9.94A.703(3)(a) authorizes the trial court to order an offender "[r]emain within, or outside of, a specified geographical boundary." Further, our Supreme Court has stated that "[w]hile the right to travel is recognized as a fundamental right of citizenship, this right is affected by a criminal conviction." *In re Pers. Restraint of Winton*, 196 Wn.2d 270, 274, 474 P.3d 532 (2020). Infringement on an offender's right

to travel is authorized while the offender is serving community custody. *Id.* at 275.

Accordingly, condition 9 does not violate Mr. Alaniz's First Amendment right to travel.

Mr. Alaniz next asserts condition 9 is invalid because it is unconstitutionally

vague. "A condition of community custody is unconstitutionally vague if it either fails to

give fair warning of what is forbidden or fails to give ascertainable standards that will

prevent arbitrary enforcement." *State v. Johnson*, 197 Wn.2d 740, 747, 487 P.3d 893

(2021). "If 'persons of ordinary intelligence can understand what the [law] proscribes,

notwithstanding some possible areas of disagreement, the [law] is sufficiently definite.'"

*Id*. (alterations in original) (quoting *State v. Bahl*, 164 Wn.2d 739, 754, 193 P.3d 678

(2008)).

A community custody condition that empowers a CCO to set the terms or

definitions are unconstitutionally vague as they do not protect against arbitrary

enforcement. *See Bahl*, 164 Wn.2d at 754; *Irwin*, 191 Wn. App. at 655. A community

custody condition that grants a CCO such discretion "only makes the vagueness problem

more apparent, since it virtually acknowledges that on its face it does not provide

ascertainable standards for enforcement." *Bahl*, 164 Wn.2d at 758.

Here, condition 9 requires Mr. Alaniz to remain within the "geographic boundary"

set by his CCO without providing any guidance or clarification regarding the geographic

boundaries to be set such that an ordinary person would understand the conduct

14

proscribed or otherwise define "geographic boundary." Moreover, the condition grants the CCO unfettered discretion to set geographic boundaries, risking arbitrary enforcement. Consequently, the condition is unconstitutionally vague on its face as it both fails to give Mr. Alaniz fair warning of the conduct that is forbidden and lacks ascertainable standards to protect against arbitrary enforcement. We remand for the trial court to set ascertainable standards for enforcement or to strike the condition.

CONDITION 15 – AVOID PLACES WHERE CHILDREN CONGREGATE

Mr. Alaniz challenges condition 15, which states, "Avoid places where children congregate, including parks, libraries, playgrounds, schools, daycare centers and sporting events," as unconstitutionally vague, or an abuse of discretion. PRP of Alaniz at 18. We grant his petition as it relates to "sporting events." Otherwise, we disagree condition 9 is unconstitutionally vague.

Our Supreme Court has upheld similar conditions as not being unconstitutionally vague. *State v. Wallmuller*, 194 Wn.2d 234, 245, 449 P.3d 619 (2019). The Washington Supreme Court stated that a clarifying list of prohibited places need not be exclusive to survive a vagueness challenge. *Id.* at 243 (citing *State v. Johnson*, 4 Wn. App. 2d 352, 360, 421 P.3d 969 (2018)). "[T]he vagueness doctrine does not require impossible precision." *Id.* at 244-45. The nonexclusive list of "'places where children congregate'" puts an ordinary person on notice that they must avoid places where children may be present. *Id.* at 245. The condition is therefore not unconstitutionally vague.

15

As it relates to sporting events, condition 15 is overly broad. "Limitations upon fundamental rights are permissible, provided they are imposed sensitively." *State v. Riley*, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993). Conditions that interfere with the right of association under the First Amendment "must be reasonably necessary to accomplish the essential needs of the state and public order." *State v. Padilla*, 190 Wn.2d 672, 684, 416 P.3d 712 (2018). A condition is unconstitutionally overbroad if it is so broad that it may not only prohibit unprotected behavior but may also prohibit constitutionally protected activity as well. *In re Pers. Restraint of Sickels*, 14 Wn. App. 2d 51, 67, 469 P.3d 322 (2020).

Condition 15 is intended to preclude Mr. Alaniz from frequenting places where children generally congregate. However, as written, condition 15 is so broad that it prevents Mr. Alaniz from all sporting events, regardless of whether children may congregate there. Consequently, the condition regulates conduct beyond what is reasonably necessary to protect the public. On remand, the trial court should amend the condition to preclude Mr. Alaniz from attending "youth sporting events."

To the extent that Mr. Alaniz argues condition 15 is not crime related, his challenge is time barred because we would have to look outside of the judgment and sentence to determine whether the condition is related to the circumstances of his crime.

16

No. 39631-2-III
*In re Pers. Restraint of Alaniz*

CONCLUSION

We deny Mr. Alaniz's challenges to conditions 4, 5,18, 27, and 28. As discussed above, we grant Mr. Alaniz's petition on conditions 9, 13, 15, 20, and 29 and remand to the trial court to either strike the conditions or amend the conditions as discussed above.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Pennell, J.

17